STATE OF IOWA EX REL. THOMAS BRICK, Plaintiff, v. WIL-
LIAM CAHILL and W. G. THOMPSON, Judge, Defendants.

**Appeal:** PETITION FOR REHEARING: EFFECT. Notice of rehearing and
1   the filing of a petition will not operate to suspend the judg-
    ment entered on appeal and continue in force an order, pre-
    viously made by a justice of the Supreme Court, restraining
    the enforcement of the judgment until the appeal was de-
    termined, unless the court or one of the judges so orders.

**Quo warranto:** OUSTER FROM OFFICE: CONTEMPT. One against
2   whom a judgment of ouster from office has been entered is
    guilty of contempt in continuing to exercise the duties of the
    office; and that he acted upon advice of counsel in so doing
    is no excuse.

THURSDAY, JULY 12, 1906.

ORIGINAL proceedings by *certiorari* to review the action
of the defendant judge, whereby William Cahill, named as
a defendant in the caption above, was adjudged guilty of a
contempt.   To avoid confusion, it may be here stated that
the contempt proceedings arose in connection with an action
of *quo warranto* entitled as in the caption above.   The peti-
tion for the instant writ was properly entitled *Cahill v.
Thompson,* Judge; but in preparing the printed matter the
title of the *quo warranto* action was erroneously adopted,
and the case so appears on our docket.   In the course of the
opinion we shall treat Cahill as plaintiff in this proceeding.—
*Dismissed.*

*Wright, Leach & Wright* and *M. J. Wade,* for plaintiff.

*Charles W. Kepler* and *W. G. W. Geiger,* for defend-
ants.

BISHOP, J.— The action of *quo warranto* was instituted
in the district court of Cedar county by Thomas Brick, claim-

ing to be the legally elected and qualified subdirector of subdistrict No. 2, school township of Gower, Cedar county, to test the right of William Cahill to hold such office and perform the duties thereof as a subdirector, claiming to hold over in office from a previous term for want of a legally elected and qualified successor. Such action was tried to the court, and resulted in a judgment finding that Cahill was guilty of unlawfully exercising the functions and performing the duties of the office in question; and it was adjudged that he be ousted and removed therefrom. It was further found that the relator, Brick, was the lawful incumbent of the office, and Cahill was ordered to deliver all property of the district to him, said Brick. From such judgment an appeal was taken to this court, and on application to one of the justices an order was made and entered restraining the enforcement of the judgment pending the appeal. The cause having been submitted to this court, an opinion was filed January 17, 1906, affirming the judgment of the trial court. Thereafter information as for contempt was filed by Brick, charging that since the said judgment, and the affirmance thereof by this court, said Cahill was persisting in the usurpation of the functions and in the exercise of the duties of said office and depriving him, said Brick, thereof; that at the meetings of the school board said Cahill assumed the right to and did act and vote as a director on recognition by the presiding officer of the board, to the exclusion of him, said Brick. To such information said Cahill answered, denying the sufficiency of the facts as set forth in the information to constitute a case of contempt, and also pleading the continuance in force of the restraining order issued in the *quo warranto* action; it being alleged in connection therewith that notice of a petition for rehearing in that action had been served and filed in time and that such petition was in course of preparation. By an amendment to his answer Cahill made admission that, under the advice of counsel and believing in his right to do so, he had con-

tinued, and still does continue, to exercise the functions of the office.

As indicated by the averments of the answer so filed, Cahill, plaintiff in this proceeding, seeks to have the judgment entered against him annulled on two grounds: (1) That the restraining order holds good until the action of *quo warranto* is .fully disposed of in this court on rehearing; (2) that the things done by him as alleged, and which were proven upon the hearing substantially as alleged, are not sufficient in law to make out a case of contempt. Although there is no proof in the record on the subject, counsel for defendant assume that a notice of petition for rehearing in the main action was given, and that such a petition has been filed, and we shall so assume. The effect given to the restraining order was to supersede an enforcement of the judgment, and counsel for defendant make no question but that plaintiff was entitled to occupy and perform the duties of the office in question up to the time of the filing of the opinion on appeal in this court. The question then is, did the steps taken to secure a rehearing in this court operate to continue the restraining order in force? We think not. The situation was the same as though the appeal was from a judgment for damages in an ordinary law action and a supersedeas bond had been given. A notice of the petition for rehearing has no effect to suspend the decision, and a petition filed has no such effect, unless " the court or one of .the judges upon its presentation so order." Code, section 4148.

Coming to the second ground of contention, we have to say that the finding of contempt was fully warranted. The judgment in the main case found Cahill guilty of an unlawful usurpation of the office and ousted him therefrom. In effect it was an order or command that he cease to exercise any of the duties of such office. In the chapter of the Code devoted to proceedings of *quo warranto* it is provided that " any person

*1. APPEAL: petition for rehearing: effect.*

*2. QUO WARRANTO: ouster from office: contempt.*

who without good reason refuses to obey an order of the court, as herein provided, shall be guilty of contempt. Code, section 4335. Moreover, the judgment was self-executing. *Jayne v. Drorbaugh,* 63 Iowa, 711; 23 Am. & Eng. Ency. 629. And by general provision of statute obedience to such is to be coerced by attachment as for contempt. Code, section 3954. That plaintiff acted in the premises on the advice of counsel could not serve to excuse him. 9 Cyc. 25.

We conclude that the judgment complained of was proper to be entered, and from this it follows that the proceedings now before us must be, and they are, *dismissed.*