## PYOTE INDEPENDENT SCHOOL DIST. v. DYER, Tax Collector. (No. 2294.)

Court of Civil Appeals of Texas. El Paso. Feb. 28, 1929.

Rehearing Denied March 7, 1929.

T. H. Neel, Rutledge Isaacks, and L. A. Dale, all of Pyote, for appellant.

Henry Russell and Drane & Hubbard, all of Pecos, and J. Lee Bilberry, of Barstow, for appellee.

HIGGINS, J. This is a suit for mandamus brought by the Pyote independent school district against F. I. Dyer, tax collector of Ward county. A general demurrer to the petition was sustained. The plaintiff declining to amend, its suit was dismissed.

The material facts disclosed by the petition are as follows: By order of the county board of trustees of Ward county, dated August 6, 1928, common school district No. 4 of Ward county was created an independent school district under the name of Pyote independent school district, the relator herein. On September 15, 1928, seven trustees of the independent district were duly elected and qualified and upon the same date said board of trustees in due form ordered an election to be held October 13, 1928, on the propositions of levying a maintenance tax, the issuance of schoolhouse bonds, and the assumption of the bonded indebtedness of said common school district No. 4. At said election all propositions were adopted and the result declared by the board of trustees. Thereafter the board appointed a special assessor, who assessed the property in the district. The assessments were duly equalized by a board of equalization duly appointed and thereafter the board of trustees levied taxes for the year 1928 and on or about December 1, 1928, presented the tax rolls of the district to the respondent as tax collector of Ward county and demanded that he collect the taxes shown by the rolls so presented.

Respondent refused to accept said rolls and collect such taxes justifying his refusal so to do upon the fact that on or about August 15, 1928, the commissioner's court of Ward county levied a tax on the property in said common school district No. 4, and said court, on October 1, 1928, finally approved the tax rolls of Ward county showing the aforesaid levy for school purposes on the property in said common school district No. 4.

The action is to compel the county tax collector to accept the tax rolls prepared by the assessor of the independent school district and collect the taxes shown to be due by such rolls.

The question at issue is whether the tax levy for the year 1928 of the commissioners' court made August 15, 1928, shall prevail over the subsequent levy by the board of trustees made subsequent to the tax election held on October 13th. The question is novel and not altogether free from doubt, but we are of the opinion the tax levy of the commissioners must prevail.

The commissioners' court levies and causes to be collected the taxes for common school districts. In independent school districts incorporated for school purposes only the board of trustees of such districts does so. Article 2784, R. S.

Common school district No. 4 was changed into an independent school district under section 5 of chapter 84, p. 228, Acts of 40th Legislature, First Called Session, which reads:

"Whenever a majority of the legally qualified property taxpaying voters residing in a Common School District, or one or more Common School Districts formerly constituting an Independent School District, desire to incorporate the said Common School District as an Independent School District for school purposes only, they may do so on a petition presented to the County Board of Trustees, and when the said County Board of Trustees finds that the petition is duly signed by a majority of the legally qualified property taxpaying voters, and sufficient evidence being presented that said district when formed into an Independent School District will be financially capable of maintaining High School work at a reasonable cost per capita, they shall grant said petition by making an order upon the minutes of said County Board of Trustees; said order shall state the name by which said Independent School District shall be known and by which it may sue and be sued; at the same time said County Board of Trustees shall order an election in said Independent School District for seven school

trustees, said election to be held according to the General Election Laws of the State; the returns of said election shall be made to the County Board of Trustees who shall declare the result; when the newly elected school trustees have qualified, said Independent School District shall enjoy all the privileges of an Independent School District as provided by Statutes."

The last portion of this section makes it plain relator did not acquire the taxing power of an independent school district until the election and qualification of its trustees on September 17th, which was subsequent to the tax levy made by the commissioners' court. Even then full power to levy the taxes in question was not vested in the board of trustees, but was dependent upon the result of the election ordered held October 13th. When a common school district changes into an independent school district for school purposes under the law quoted, there is necessarily a considerable lapse of time after the making of the original order by the county board of trustees granting the petition for such change, before the board of trustees of the independent school district can levy a tax for maintenance of the schools, to pay interest and create a sinking fund upon the outstanding bonded indebtedness of the old common school district. In some instances it would happen that the board of trustees could not function in its taxing power in time to provide the necessary funds for the immediate purposes mentioned. It is inconceivable that the Legislature contemplated or intended that such a deplorable situation should ever arise or be permitted.

We are of opinion that, during the transitory period between the entry of the initial order by the county board of trustees and the election and qualification of the board of trustees of the newly created independent school district, it is the duty and within the lawful authority of the commissioners' court to levy the necessary taxes for the district as a common school district. For the purpose of taxation the creation of the independent school district is incomplete and ineffective until the election and qualification of the school district trustees; that for the taxing purposes indicated the authority of the commissioners' court remains in full force and effect at least until such election and qualification. The tax levy for 1928 by the commissioners' court of Ward county having been made for the old common school district No. 4, and at the proper time, it was a tax lawfully levied, was not nullified by the facts subsequently transpiring, and such levy inures to the benefit of relator as the successor in interest and identity of common school district No. 4.

Upon this view it follows the respondent was justified in his refusal to accept the tax rolls tendered by relator and in refusing to collect the taxes shown by such rolls; hence the demurrer was properly sustained.

Affirmed.