## PYOTE INDEPENDENT SCHOOL DIST. v. DYER, Tax Collector.

### Motion No. 8988; No. 1321—5422.

Commission of Appeals of Texas, Section A. Jan. 21, 1931.

For former opinion, see 24 S.W.(2d) 37.

T. H. Neel, of Pyote, and Rutledge Isaacks and L. A. Dale, both of Pecos, for plaintiff in error.

Henry G. Russell, Drane & Hubbard, and W. W. Hubbard, all of Pecos, and J. Lee Bilberry, of Barstow, for defendant in error.

CRITZ, J.

As shown by our original opinion, which is reported in 24 S.W.(2d) 37, Pyote independent school district was created by order of the county school board of Ward county, Tex., out of the territory originally comprised in common school district No. 4 of said county. In creating such independent district, the board acted by authority of section 5, c. 84, General Laws, First Called Session, Fortieth Legislature of Texas (1927), p. 228 et seq. (Vernon's Ann. Civ. St. art. 2742b, § 5). In the opinion mentioned, we held section 5 of the act unconstitutional and void because the subject-matter of such section was not embraced within the caption of the act, and therefore the order attempting to create the district was void and without authority of law.

Since the rendition of the above opinion, the Pyote school district, in its motion for rehearing, and the Attorney General of Texas, amicus curiæ, have called our attention to the fact that, since this district was created by the county school board of Ward county, the Legislature of Texas has passed an act validating the same. The act in question is H. B. No. 216, c. 50, pp. 105, 106, General and Special Laws, Forty-First Legislature (1929), Regular Session, page 105 (Vernon's Ann. Civ. St. art. 2742d). Omitting formal parts, the act in question reads as follows:

"Section 1. That all school districts heretofore created pursuant to and in conformity with the provisions of Chapter 84 of the Acts of the First Called Session of the 40th Legislature of the State of Texas in 1927, are hereby in all things validated.

"Sec. 2. That all acts of the County Judge, Boards of Trustees of Common School Districts, Boards of Trustees of Independent School Districts, County Boards of Trustees, Boards of Trustees of Common County Line School Districts and Boards of Trustees of County Line Independent School Districts, and of petitioners and all other persons performed pursuant to the provisions of Chapter 84 of the Acts of the First Called Session of the 40th Legislature of the State of Texas, are hereby in all things ratified, confirmed and validated.

"Sec. 3. That all petitions to County Boards of Trustees, to form Independent School Districts, all acts of County Boards of Trustees granting petitions and creating and incorporating Independent School Districts, ordering elections for school trustees in Independent School Districts; all elections for Boards of Trustees held pursuant to the order of the County Board of Trustees, all orders canvassing and declaring results of election of Trustees of Independent School Districts, and all Independent School Districts created pursuant to the provisions of Section 5 of Chapter 84 of the Acts of the First Called Session of the 40th Legislature are hereby in all things ratified confirmed and validated.

"Sec. 4. All bonds issued or authorized to be issued that were authorized by a majority of the property tax paying voters at an election held for that purpose by any school district created pursuant to the provisions of Chapter 84 of the Acts of the First Called Session of the 40th Legislature are hereby validated.

"Sec. 5. That all bonds heretofore issued or authorized to be issued that were authorized by a majority vote of the property tax paying voters at an election held for that purpose in which the petition for an election, order of election and notice of election did not include the maturity dates of the bonds and elections held pursuant to such petition, order and notice of election are hereby in all things ratified, confirmed and validated.

"Sec. 6. Provided that should any section of this Act be declared unconstitutional, it shall not affect any other section and all other sections shall be in full force and effect.

"Sec. 7. The fact that many school districts have been formed and the area of many districts diminished or increased and bonds issued or authorized by such districts pursuant to Chapter 84 aforesaid, the legality of which is in question creates an emergency and an imperative public necessity, demanding the suspension of the Constitutional Rule requiring bills to be read on the three several days in each House and said Rule is hereby suspended and this Act shall take effect and be in force from and after its passage, and it is so enacted."

We now hold that the above act is sufficient in its terms and provisions to validate this district from its inception, together with its voted bonds and taxes. It is now the settled law of this state that the Legislature has power to enact this character of curative legislation. Tom Green County v. Moody, 116 Tex. 299, 289 S. W. 381; Anderson County Road District v. Pollard, 116 Tex. 547, 296 S. W. 1062; Western Union Tel. Co. v. Wichita County Water Improvement District (Tex. Com. App.) 30 S.W.(2d) 301. It is now also settled that a curative statute of this kind enacted by the Legislature, and becoming effective during the pendency of litigation, cures the defect the same as if such statute had become effective before the institution of the suit. Hunt v. Atkinson (Tex. Com. App.) 17 S.W.(2d) 780.

Under the above authorities we now hold the Pyote independent school district, together with its voted bonds and taxes, valid and constitutional. This brings us to a consideration of the other issues in the case.

This is a suit for mandamus, brought by the Pyote independent school district as a body corporate in the district court of Ward county, Tex., against F. I. Dyer, tax collector of such county, to require him, in his official capacity, to accept the tax rolls of such independent school district, prepared and certified to him under the provisions of articles 2791 and 2792, R. C. S. of Texas, 1925, and to require him to collect the taxes of such independent district, using said tax rolls as a basis therefor.

The district court sustained a general demurrer to the petition for mandamus, and, the school district having declined to amend, dismissed the suit, and entered final judgment to that effect. On appeal to the Court of Civil Appeals, this judgment was affirmed. 14 S.W.(2d) 289. Since a general demurrer was sustained to the petition, the rights of the district must be tested thereby.

It is shown by the petition for mandamus filed in the district court that the school district was created and incorporated by order of the county school board of Ward county, Tex., by an order duly made and entered in the minutes of such board on the 6th day of August, 1928. It is further shown by the petition that on said date the county board ordered an election to be held in and for said district on the 15th day of September, 1928, for the election of a board of seven trustees; that said election was held as ordered, and the seven trustees duly chosen; that such trustees duly qualified on September 17, 1928; and that on October 13, 1928, an election was duly and legally held in said independent district on three propositions (a), to authorize the levy and collection of a maintenance tax for school purposes, and a bond tax, the two not to exceed in any one year $1 on the $100 assessed valuation of taxable property in the district, (b) the issuance of $18,000 of schoolhouse bonds, and (c) the assumption of the bonds of old common school district No. 4 of Ward county, whose territory, as above shown, was, by virtue of the order of August 6, 1928, converted and merged into the present Pyote independent school district. It is further shown by the petition that all of the above propositions carried; that thereafter a special assessor for the independent district was duly appointed by the board of trustees of such district to assess the property there-

of for taxation in accordance with the result of said election; that such property was duly and legally assessed by such school district assessor; that a board of equalization was duly appointed to equalize such taxes; that this board met, and, after due notice, equalized such taxes; and that the board of trustees of the district then levied the taxes shown by such tax rolls, certified thereto, and delivered the same to the defendant as county tax collector of Ward county, Tex., on December 1, 1928, and directed and requested that he collect the taxes as shown by such rolls.

The petition then shows that the defendant refused to accept the tax rolls so made and certified to, and refused to collect the taxes represented thereby, assigning as his reason for so refusing that the commissioners' court of Ward county, Tex., had theretofore, on the 15th day of August, 1928, levied a maintenance and a bond tax for common school district No. 4, whose territory had been converted into Pyote independent school district but whose trustees had not been selected until September 15, 1928, and whose qualification took place on September 17, 1928.

It is further shown by the pleadings that on October 1, 1928, after the qualification of the board of trustees of the independent school district, the commissioners' court of the county finally approved its own tax rolls that contained the tax levy for old common school district No. 4, which had been on August 6, 1928, converted into Pyote independent school district of said county.

■ As stated above, the district court sustained a general demurrer to the petition for mandamus. The Court of Civil Appeals affirmed this judgment, holding in effect that the levy of taxes by the commissioners' court for old common school district No. 4 for said year was the legal levy for the territory comprising said district, and that such levy stands in the way of the new levy duly voted on the independent district and duly levied by its board of trustees. We cannot agree to this holding.

When the county school board of Ward county entered its order creating Pyote independent school district out of old common school district No. 4, the old district ceased to exist and all maintenance taxes theretofore voted by it ceased to be in force. This being the case, no power existed in any tax-levying body to levy further maintenance taxes on the property of the district until the new district should vote such tax in the way and manner provided by law and by the Constitution. Furthermore, the commissioners' court never has the power to levy maintenance taxes for independent school districts. Such tax must be levied by the local board. R. C. S. of Texas 1925, articles 2784 and 2790. Also the local board usually levies all bond

taxes of an independent district. R. C. S. of Texas 1925, arts. 2784 and 2788. There is one exception to this rule, and in our opinion that exception is not involved here. The exception mentioned is where, after change in school districts, or the creation of new districts out of the old districts, there has been no provision by assumption of the indebtedness or otherwise for the payment of the bonds that are outstanding against the old district, and such facts are certified to the commissioners' court by the county school board, then it is the duty of the commissioners' court to annually levy a tax for the purpose of paying the old bonded indebtedness. See section 11, c. 84, Acts First Called Session Fortieth Legislature (1927) supra, p. 232 (Vernon's Ann. Civ. St. art. 2742b, § 11). No such condition existed here. In fact, the opposite is shown, as the district proceeded with all possible dispatch to organize itself, and assume the bonds of the old district by a vote of the people, as provided for in the act. Such being the case, the commissioners' court had no authority for the levy of taxes to pay the bonds of the old common school district. In no event would this power exist unless the new district had failed to provide for the payment thereof, and the other things provided by the act had transpired.

The board of trustees of the independent district had the express statutory power to name its own assessor with power and authority to assess the taxable property within the district for school purposes. The board also had the lawful authority to appoint a board of equalization to equalize such assessments, and, when this was done, such board had the right and power to have prepared the tax rolls for the district and certify the same to the county tax collector for collection by him. R. C. S. of Texas 1925, arts. 2791 and 2792. According to the petition, all this was lawfully done.

■ Finally we overrule the contention that the tax rolls of the independent district reached the county tax collector too late. Blewett v. Richardson Independent School District (Tex. Com. App.) 240 S. W. 529, 532; Cadena v. State (Tex. Civ. App.) 185 S. W. 367 (Writ Ref.).

In the Blewett Case, supra, it is shown that the tax rolls of the districts were not made out until December; yet the Commission in a very able and exhaustive opinion by Judge Gallagher held it was made in time, saying: "There is no statute directing when the assessment shall be made, nor when the board of equalization shall meet, nor when the rolls shall be prepared and approved." All that the law requires is that the taxes be levied during the year. Cadena v. State, supra.

■ It follows from what we have said that the Pyote independent school district, together with its own voted and levied taxes,.

is now constitutional and valid. However, an examination of the validating act of the Forty-First Legislature, supra, shows that it was approved March 2, 1929, and took effect 90 days after the adjournment of the Legislature. Thus it is seen that this district remained invalid throughout the taxpaying period of that year. Such being the case, the tax collector could not have legally collected the taxes at the time the rolls were tendered to him, nor at any time during the taxpaying period, and could not then have legally refused to collect the taxes levied by the commissioners' court.

It also appears that the taxes levied by the commissioners' court were legal when levied, and that they remained legal throughout the taxpaying period of that year. This being the case, those who paid the taxes levied by the commissioners' court, if any did so, should be protected and credited by such amount as they so paid on the amount they may owe on the taxes voted and levied by the independent district.

We therefore recommend that the motion for rehearing filed herein by the Pyote independent school district be granted, and that the former judgment of this court be set aside and a new judgment rendered as follows: That the judgments of the Court of Civil Appeals and the district court be affirmed, but without prejudice to the right of the Pyote independent school district to now have collected the taxes here involved, in accordance with this opinion.

CURETON, C. J.

Previous judgment of the Supreme Court set aside, and judgment will now be entered affirming the judgments of the district court and Court of Civil Appeals, without prejudice to certain rights, as recommended by the Commission of Appeals in its opinion on rehearing.