**O'BRIEN et al. v. SNELSON et al.**
**No. 3278.**

Court of Civil Appeals of Texas. El Paso. . April 25, 1935.

Hudson & Hudson, of Pecos, for appellants.

T. H. Neel, of Pyote, and J. Lee Bilberry, of Barstow, for appellees.

HIGGINS, Justice.

This is a suit by common school district No. 5 of Ward county, and George O'Brien,

a resident tax paying property owner in said district, against the county judge and commissioners contesting the validity of an election held in said district February 2, 1935, under article 2806, R. S., as amended by chapter 106, p. 182, Acts 42d Leg. (Vernon's Ann. Civ. St. art. 2806), to determine whether said district would consolidate with common school district No. 2 of Ward county. Judgment was rendered in favor of defendants.

Omitting matter not necessary to be here stated, the agreed facts show:

"III. Said election was held, and at said election there were cast eighty-eight votes, and that forty-seven of said votes were in favor of said consolidation and that forty-one of said votes were against said consolidation.

"IV. That the presiding officer at said election permitted every person who held a poll tax to vote in said election.

"V. That Common School District No. 5 owns its schoolhouse and grounds and all equipment necessary and proper for the conduct of a grade school; and that such district has no debts and no outstanding bonds; that it has a grade school of about fifty pupils, and is employing three teachers; that there are in said school district six high school pupils, and that said district has arranged free transportation for said high school pupils to attend high school at Pyote, Ward County, Texas; that said Pyote High School is well equipped for such purposes.

"VI. That the tax rate for Common School District No. 5 is forty-five cents on the one-hundred dollar valuation. That the tax rate for Common School District No. 2 at Monahans is ninety-five cents on the hundred dollars valuation for maintenance and five cents for interest in the sinking funds.

"VII. That Common School District No. 2 has an outstanding bonded indebtedness.

"VIII. It is further agreed that had only those persons who had rendered property for taxation been permitted to vote the result would have been against consolidation.

"It is further agreed that all persons voting at said election had paid their poll tax and were qualified voters, unless failure to render their property for taxation disqualified them."

Section 3 of article 6 of the Constitution of this state was amended in 1932, by adding thereto section 3a, reading: "When an election is held by any county, or any number of counties, or any political sub-division of the State, or any political sub-division of a county, or any defined district now or hereafter to be described and defined within the State and which may or may not include towns, villages or municipal corporations, or any city, town or village, for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political sub-division, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence."

Appellants present the theory that the consolidation of the districts will necessarily increase the tax rate of 45 cents which is now sufficient for district No. 5; therefore, such election involves "lending credit, or expending money" and under the constitutional amendment mentioned only electors owning taxable property in the district and who had duly rendered the same for taxation were qualified to vote in the election.

The election and consolidation does not involve the assumption by the consolidated district of the outstanding bonds of district No. 2. Appellants do not so contend. Such assumption must be determined by another election. Article 2807, R. S.

The consolidated district is a new district and an election must be now held to determine whether taxes shall be levied for the new district. Pyote Independent School Dist. v. Dyer (Tex. Com. App.) 34 S.W.(2d) 578; Yorktown Independent School Dist. v. Afflerbach (Tex. Com. App.) 12 S.W.(2d) 130.

Since these further elections must be held, we are of the opinion the election in question does not necessarily involve the lending of credit or expenditure of money, and the constitutional amendment referred to has no application to the qualification of the electors authorized to vote at the election of February 2d.

Affirmed.