**CRAIN et al. v. ADAMS et al.**

No. 4930.

Court of Civil Appeals of Texas. Amarillo.

Oct. 3, 1938.

C. Land, of Memphis, and Williams & Bell, of Childress, for appellants.

Sam J. Hamilton and John Deaver, both of Memphis, for appellees.

STOKES, Justice.

This suit was filed by the county attorney of Hall County in the name of the State of Texas on the relation of S. B. Crain, S. L. Cheatham and A. Bryant, as relators, the petition or complaint being in the nature of an information in quo warranto in which it was alleged that prior to June 17, 1936, appellants, Crain et al., were the duly elected, qualified and acting school trustees of Baylor common school district No. 14 in Hall County. It is charged that on the date mentioned there was presented to J. H. Vallance, the county judge of Hall County, two petitions, one requesting an election in the Baylor common school district No. 14, and

the other requesting an election in independent school district No. 13, to decide the question of whether or not the common school district No. 14 should be consolidated with the independent school district No. 13. It is alleged the election was ordered for the 6th of July, 1936, and that upon canvassing the returns, the county commissioners of Hall County declared the proposition to consolidate the districts had carried.

It was further alleged that the purported elections were null and void and that appellees, who were the duly qualified and acting trustees of independent school district No.. 13, were wrongfully exercising the duties of school trustees over the territory and corporate entity of Baylor common school district No. 14. They prayed for leave to file the , information in .the nature of quo warranto and upon final hearing they have judgment declaring the elections and orders of the commissioners' court canvassing the returns and declaring the result thereof to be null and void; that appellees as trustees of independent school district No. 13 be adjudged without authority to exercise control over and manage the school affairs of Baylor common school district No.. 14 and that they be restrained from the further exercise of such control. They also prayed for their costs and general relief.

Permission to file the information was granted by the trial judge, and when the case was called for trial on September 29, 1937, appellees presented and urged a general demurrer to the information, which was sustained by the trial court and, appellants declining to amend, the case was dismissed. Appellants duly excepted to the order sustaining the general demurrer and dismissing the case, perfected an 'appeal therefrom, and the case is presented here upon the one general question of whether or not the trial court committed error in sustaining the general demurrer.

The order sustaining the general demurrer and dismissing the case does not give the reasons that were in the mind of the trial judge why the information was insufficient and subject to the general demurrer, nor does the record contain conclusions of law by which that information is revealed. It is stated in the brief of the appellants that it was urged by appellees, and concurred in by the trial judge, that the information presented a case of contest of the election and that the matters urged in the information could be litigated only in such a proceeding. This statement is not challenged by appellees and we assume such to be the basis of the judgment and order of dismissal.

■ We construe the information to be an attack upon the validity of the school district as organized after the elections and a challenge of the authority of the appellees, who were respondents below, to take over, manage and control the affairs of the district as so organized, particularly the affairs of common school district No. 14 which was sought to be consolidated with independent school district No. 13, and of which appellants had control before the elections. If it be such, the election not having ·been contested in the manner and within the time provided by law, the matters alleged and presented for litigation by the information could not now be litigated in any other manner than by quo warranto. Miller v. School Trustees, Tex.Civ.App., 52 S.W.2d 806; Bowen v. Board of School Trustees, Tex.Civ.App., 16 S.W.2d 424; King's Estate v. School Trustees, Tex.Civ.App., 33 S.W.2d 783; Kuhn v. City of Yoakum, Tex.Com.App., 6 S.W.2d 91.

In the Bowen Case, supra, Justice Hodges, speaking for the court, said [page 425]: "The proper remedy for testing the validity of a corporate organization, or the right of de facto officers to assume and exercise official functions, is by a quo warranto proceeding in the name of the state."

Judge .Leddy, speaking for the Supreme Court Commission in the Kuhn Case, supra, said: "The rule has not been deviated from in this state· that the validity of an extension of territory of a city or school district can only be attacked by a direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state is a party."

In both of the opinions numerous cases are cited in support of the texts and the rule announced by them is so well established in this state that we deem further discussion of. it as being unnecessary. We hold, therefore, that the matters alleged in the information were of such a nature as properly to be litigated in a proceeding of quo warranto.

Appellees take the position that the information was subject to general demurrer because neither Baylor common school dis-

trict No. 14 nor consolidated independent school district No. 13, as such, was made a party respondent to the suit. They assert that these two corporate entities have rights which are vitally affected by any judgment that may be entered and they are, therefore, necessary and indispensable parties to the litigation.

■ As far as Baylor common school district No. 14 is concerned, we conceive of no reason why it was a necessary, or even a proper, party. The action is in the nature of a quo warranto in which it was necessary for the state to participate as relator. The statute, Art. 6253, Vernon's Annotated Civil Statutes, provides that the proceeding must be filed in the name of the state. The Supreme Court has said that: "Quo warranto proceedings are those through which the state acts to protect itself and the good of the public generally." Staples v. State, 112 Tex. 61, 245 S.W. 639, 640. The school district is a subdivision of the state and, therefore, a part of it. If the state files the proceeding and makes itself a party, it would seem fatuous to require that its subdivision, on behalf of which the state has acted in compliance with the provision of the statute, should also become a party relator, a fortiori to require that it be made a party respondent.

■ If the elections were valid, their effect would be to obliterate the identity of Baylor common school district No. 14 and the entire territory covered by both districts would have been included in what we shall designate as consolidated independent school district No. 13. Insofar as that corporate entity is concerned, it will be noted that the purpose of the information was to nullify the foundation of such existence as it had by virtue of the elections and thereby destroy it. Appellants, as relators, alleged and contended that it was not a legal entity and never had legal existence. We understand the rule to be that in cases where quo warranto proceedings are instituted for the purpose of questioning the existence of public or private corporations on the ground that they never had legal existence and were not legal entities, the suit should be brought against the individuals who assert the right to exercise the functions incident to its managing officers and not against the corporation itself. Ewing v. State ex rel. Pollard et al., 81 Tex. 172, 16 S.W. 872.

In the case just cited the object of the information was to oust the respondents from the exercise of the functions of the offices of mayor and councilmen of the city of Oak Cliff. The ground upon which the judgment was sought was that the city had never been legally incorporated. By the judgment of the trial court the corporation of the city of Oak Cliff was dissolved and it was insisted that the court erred in rendering such judgment because the corporation was not made a party defendant to the suit. In discussing the question, Justice Gaines, speaking for the Supreme Court, said [page 874]: "If the city had ever been legally incorporated, and if the object of the suit had been to dissolve the corporation for non-user or misuser, or to oust it from the exercise of franchises not conferred by its charter, it should have been made a respondent in the information. Such, however, is not the nature of the case. The theory of the information is that there is no such corporation as the city of Oak Cliff, and that the respondents are acting as mayor and councilmen of a municipality which does not exist. Logically, it would seem that the pretended corporation should not be made a party when the action is based upon the allegation that no corporation has ever in fact been lawfully created. * * * Since it is impracticable to make all the inhabitants of a de facto municipal corporation parties defendant, we are of the opinion that it is sufficient to proceed against the persons assuming to compose the governing body."

The reason for the rule seems to be that where the corporation itself is sued, its corporate existence is admitted and the relators cannot then be heard to say that there is no such corporation. State ex rel. Tyrrell County Attorney, v. Lincoln Traction Co., 90 Neb. 535, 134 N.W. 278. This may be a refined technicality, but it is the rule in many jurisdictions and has been settled by the Supreme Court in the decision above cited as being the law of this state.

This brings us to a discussion of the question of whether or not the petition as a whole, considered as an information in quo warranto, states a cause of action and is sufficient as against a general demurrer. It is alleged, first, that the petition presented to the county judge of Hall County requesting the calling of an election in Baylor common school district No.

14 was not signed by as many as twenty, nor by a majority, of the legally qualified voters in the district. Secondly, that subsequent to the filing of the petitions of both of the school districts, the county judge entered an order calling for elections to be held on the 6th of July, 1936, for the purpose of determining whether the districts should be consolidated for school purposes and that such notices did not provide for the length of time required by the statute to elapse between the calling of the elections and the holding of them, which, under the provisions of Art. 2806, R.C.S., Vernon's Ann.Civ.St. art. 2806, is twenty days. Thirdly, that the order for the election to be held in Baylor common school district No. 14 limited the voters who may participate therein to property tax-paying voters when, as a matter of law, it was not necessary that a person be a property tax-payer to be entitled to vote in the election.

Other grounds are alleged in the information, among which is the allegation that the discrepancies and insufficiencies of the petitions for the elections and the orders entered by the county judge, particularly the order limiting the voters in such elections to property tax-paying voters, prevented a full vote and that legally qualified voters in the common school district were deprived of the right to vote. It is further alleged that legally qualified voters in the district who were not property tax-payers would have voted in the election had it not been for the restriction contained in the order and that, if they had done so, the result of the election would have been different from what it was and the proposition to consolidate the districts would have been defeated.

We think these allegations were sufficient to state a cause of action in quo warranto and that the trial court erred in sustaining the general demurrer. O'Brien et al. v. Snelson et al., Tex.Civ.App., 82 S.W.2d 679; Coffee, County Attorney, v. Lieb et al., Tex.Civ.App., 107 S.W.2d 406; Consolidated Common School District v. Wood et al., Tex.Civ.App., 112 S.W.2d 231; Ex parte Kennedy, 23 Tex.App. 77, 3 S.W. 114.

The only other question presented by the record in this regard pertains to the prayer of the information. It is to the effect that the relators have judgment declaring the elections void and that the orders of the commissioners' court can-

vassing the returns, declaring the result of the elections and consolidating the districts, be declared null and void. They pray that the trustees of consolidated independent school district No. 13 be adjudged without authority to exercise control and manage the school affairs of Baylor common school district No. 14, and that they be restrained from the further exercise of such control and authority and that the two school districts be held to be in status quo as before the purported elections.

Art. 6257, R.C.S., provides that if any person or corporation against whom such proceeding is filed shall be adjudged guilty as charged, the court shall give judgment of ouster against such person or corporation from the office or franchise. In ordinary civil cases, the rule is, of course, well established that the judgment must follow the allegations and prayer of the petition. The prayer in the petition before us does not include the exact relief provided by the statute, but in such proceedings as this, the rule is not so strict as we find it to be in ordinary civil cases. The facts stated fix the limit of the relief that can be granted, and the provisions of the statute direct the form of the final decree. While the judgment must not go beyond that to which the relator is entitled on proof of the allegations, yet the court may grant other and different relief than that for which he prays. This rule arises from the fact that quo warranto was originally considered a criminal proceeding and, like an indictment, the petition or information did not contain any prayer whatever, nor was it necessary. Standard Oil Co. v. Missouri, 224 U.S. 270, 32 S.Ct. 406, 56 L.Ed. 760, Ann.Cas.1913D, 936.

That portion of the prayer which requests the court to restrain the respondents from further exercise of control and authority over the district is, of course, in the nature of a prayer for injunctive relief and may have been added for the purpose of procuring a basis upon which the judgment could be enforced by contempt proceedings. Such a prayer is not necessary for that purpose. If appellants should be successful and procure judgment for the relief available under the statute, it would have the effect of ousting appellees from the office of school trustees insofar as any authority over the territory comprising Baylor common school district No. 14 is concerned and establishing relators as the duly qualified trustees of the

294

common school district. If such should be the result and respondents persisted in exercising the functions of school trustees' over such territory, the established remedy is through proceedings as for contempt of court. State ex rel. Brick v. Cahill et al., 131 Iowa 286, 108 N.W. 453.

From what we have said it follows that, in our opinion, the court below committed error in sustaining the general demurrer to appellants' information, for which the judgment is reversed and the cause remanded.