BIGFOOT INDEPENDENT SCHOOL DISTRICT V. D. E. GENARD ET AL.

No. 7453.   Decided June 14, 1939.
(129 S. W., 2d Series, 1213.)

*Walter Stout,* of San Antonio, for plaintiff in error.

*H. D. Barrow,* of Jourdanton, *O. M. Fitzhugh* and *A. S. West,* both of San Antonio, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

After a careful consideration of the record and the briefs of the parties we have concluded that this case is ruled by the case of Pyote Independent School District v. Dyer (Com. App.) 34 S. W. (2d) 578. The opinion of the Court of Civil Appeals herein, prepared by Chief Justice Smith and reported in 116 S. W. (2d) 804, makes an accurate and concise statement of the questions presented and applies the law as announced in the Pyote case, supra. No reason is perceived why anything further should be written. It is accordingly ordered that the judgment of the Court of Civil Appeals be affirmed.

Opinion adopted by the Supreme Court June 14, 1939.

* * *

For the convenience of the Bar the opinion of the Court of Civil Appeals for the Fourth District, by Mr. Chief Justice Smith, is here inserted as follows:

Bigfoot Independent School District, in Frio County, brought this action against D. E. Genard and L. P. Genard, to recover delinquent taxes alleged to be owing to the District for the years 1932, 1933, 1934, 1935 and 1936, at the rate of $1.00 per year, upon 320 acres of land belonging to the Genards, and alleged to be situated within the territorial bounds of the District. The trial judge sustained the general demurrer to the District's petition, and, upon the latter's refusal to amend, dismissed the suit. The District has appealed.

It appears from the District's petition, all the allegations of which must be taken as true in this inquiry, that in 1926 the Centerville School District and Common School District No. 1 were consolidated into Consolidated Common School District No. 1, and thereafter, on January 12, 1931, the Consolidated District was duly and regularly converted into Bigfoot Independent School District, without changing the district boundary lines. In the meantime, however, on June 11, 1928, the Consolidated District, at a proper election regularly held for that

purpose, voted a tax rate of $1.00 upon all taxable property in the District, which included the Genards' lands. There is no question here of the legality or validity of all the proceedings. and elections had in the formation, consolidation and conversion of the districts, and the creation of the debts thereof, and imposition of taxes therein, up to the time of the creation and establishment of the independent district, which, it is conceded, was likewise regularly done, as provided by the Constitution and laws of the State.

It is conceded, however, that at the time of, or after, the reorganization of the consolidated district into the independent district, no election was held in the district authorizing the imposition of any maintenance tax upon the property in the district, which assumed that the prior authorization of such tax by election in the consolidated district was sufficient to impose it upon the new district without submission thereof to the voters after the establishment of that district. It is contended by the district that since the new, or independent district, embraces the identical territory which formed the old, or consolidated district, the law did not require an election in the new district to authorize the imposition of the tax previously voted by the taxpayers of the old district. This contention presents the controlling question in the appeal.

■ At the outset, however, we are confronted with a procedural question, raised in appellants' first assignment of error, which should be first noticed. In due order, and before going into the evidence upon the merits, the appellees presented their general demurrer to appellant's trial petition, but the trial judge withheld his ruling thereon for the time being, and ordered the trial to proceed. It was ascertained early in the trial, from the evidence, that the tax sought to be recovered by appellant had not been authorized by a vote of the taxpayers of the district after its conversion from a consolidated to an independent district, and the parties thereupon agreed that such was the fact, and that the court should consider that fact in determining the sufficiency of the petition as against the general demurrer. The court did so consider it, and thereupon interrupted the trial, ruled upon and sustained the general demurrer, and, upon appellants' refusal to amend, dismissed the suit. The proceeding was proper, and is often practiced. The petition did not contain an allegation of the fact adduced, but when it was adduced, and the parties agreed to its truth, and that it could be considered by the court in ruling upon the general demurrer, it had the same effect as if it had been expressly alleged in the petition. If the petition, with the interpolated

allegation, was insufficient to show a cause of action, then the ruling of the court sustaining the general demurrer, was correct, and timely made.

■ We come, then, to the main question, and conclude, under the Constitution and statutes, as construed by the apparent weight of authority, that, even though the Consolidated District had voted a maintenance tax prior to its conversion into an independent district, that tax ceased to exist, and could not be projected as a tax imposable by the new district, without it being first submitted to and approved by the voters of the new district for that purpose, notwithstanding the identity of the territorial composition of the old and new districts. Const., Art. VII, sec. 3; Art. 2784, sec. 4, R. S. 1925; Pyote Independent School District v. Dyer (Tex. Civ. App.) 14 S. W. (2d) 289, (Tex. Com. App.) 34 S. W. (2d) 578; O'Brien v. Snelson, 82 S. W. (2d) 679; Burns v. Dilley, etc. Dist. (Tex. Com. App.) 295 S. W. 1091.

The tax sought to be recovered of appellees in this case was levied upon the assumption that it was authorized by an election held prior to the reorganization of the district, and under the above holding, and the authorities cited, the levy was unauthorized, and could not be enforced.

In the original disposition of this appeal this Court held that the action of the district in levying the tax in question without having first submitted the matter to a vote of the people, while unauthorized at the time, was validated and rendered effective by an act of the 45th Legislature now embraced in Art. 2815g-12, Vernon's Ann. Stats. Supp. Acts 1937, 45th Leg., H. B. 163. Upon that conclusion the judgment of the trial court was ordered reversed. But, upon further consideration, on motion for rehearing, we conclude that we were in error in that holding and order. For, while it is true that the Legislature in that Act sought to validate the acts of school districts such as this, the Act by express provisos set up certain exceptions from its operation, and we now conclude that appellant clearly comes within those exceptions, which exclude it from the benefits of the Act.

■ But, it appears that another validating Act relied upon by appellant does in fact apply to the case of appellant district and, if effectual, renders valid, as to certain years, the levy here questioned by appellees. Art. 2815g-7, Vernon's Civ. Stats. Supp. (Acts 1935, 44 Leg. p. 530, ch. 221). By this process we are relegated to the final and conclusive question of whether the Legislative Acts had the effect of validating the levy made

by the trustees of the new district in the absence of a favorable vote of the taxpaying voters of the district after its creation. We held in the original opinion that the Legislature had the power to validate, and upon that holding reversed the judgment and remanded the cause. After more mature consideration, however, we have concluded that we erred in that holding and now withdraw the opinion thereon. It is conceded, and is obvious, that the Legislature has no power to validate an act which it did not have the power to authorize in the first instance; it cannot ratify an act it cannot authorize. Here, the Constitution prohibited the imposition and levy of a tax upon the property embraced in an independent school district except when authorized by a majority of the taxpaying voters of the district at an election held for that purpose. The Legislature had no inherent or granted power to dispense with that constitutional requirement and authorize the trustee of the district to make such levy until the voters had acted favorably thereon, and not having the power to authorize the act in the first instance, it had no power to ratify or validate it after it was committed without authority. 2 Cooley's Const. Lim. (8th Ed.) 791; 39 Tex. Jur. p. 41, sec. 19; Tom Green Co. v. Moody, 116 Texas 299, 289 S. W. 381.

We therefore conclude that the tax levy here complained of by appellees was made in direct contravention of a constitutional provision, and that the Lesislature having no power to validate it, it cannot be enforced, and the trial court properly so held.

Appellant's motion for rehearing is overruled.

Opinion delivered and filed May 18, 1938.