THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



GERALD C. MANN

ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion Number O-4780
Re: Taxation of property detached
from independent school dis-
trict and annexed to common
school district.

We have received your letter of recent date which we quote, in part, as follows:

"You are advised that the County Board of Trustees met on the night of July 11, 1942 and voted to increase the area of Common School District No. 15 by detaching some 3,000 acres of land from Hull Independent School District.

"There is no contention on the part of the Hull Independent School District of the right or authority of the County Board to take such action; however, the School Board of Hull I.S.D. main-tains that the ad valorem tax on the area involved should not be assessed from Common School District until January 1, 1943, while the Trustees of C.S.D. #15 have petitioned the County Tax Assessor-Collector to assess taxes for the common school district for this year, 1942.

"Will you please advise when the County Tax Assessor-Collector should begin assessing and collection of taxes on property annexed by the common school district from area in the independent school district until July, 1942."

The question of legality of the action of the County Board of Trus-tees is not before us, and we express no opinion thereon. For the purposes of this opinion we assume the annexation was in all respects proper and that the requirements of law were met. Articles 2742e, 2742f, Vernon's Annotated Civil Statutes; School Trustees of Orange County v. District Trustees of Prairie View Common School District No. 8, 137 Tex. 125, 153 S. W. (2d) 434.

It is our opinion that territory validly detached from one school district and attached to a second district is properly taxable by the second district for the entire year in which such change was effected.

We assume that the tax in question is the tax for the maintenance and support of the school district. We quote the following from the opinion of the court in the case of Megargel County Line Independent School District et al., v. Blewett, 278 S. W. 516:

"An examination of the cases that we have been able to consider has convinced us that, in the absence of limiting provisions in the law, territory annexed to an independent school district at any time during the year, as provided by law, and thereafter an election is held for an entire district authorizing the tax for that year and all subsequent years, the school board or the municipal authorities may lawfully vote the tax, make the levy and assessments in accordance with the statute, and that a tax so assessed and levied can be collected for that year."

The Commission of Appeals in affirming the case made the following statement:

" * * * A fair consideration of the statutes making provision for the creation of independent school districts leaves no reasonable ground to conclude that the Legislature intended that no liability for taxes for school purposes in a school district should arise until the year following the creation of the district; nor did the Legislature intend that the rules of law governing taxation for school purposes, of property in newly annexed territory, should be different from those which govern the taxation of property in a newly created district. * * * "

" * * * A consideration of the above statutory provisions in connection with all others pertaining to the subject leads to the conclusion that all taxable property situated on January 1st, of any given year, in a territory which is subsequently, during such year, annexed to an independent school district under the provisions of Article 2865 of the Statutes 1911, becomes, by such annexation, subject to the taxing power appertaining to such district, and chargeable with such taxes for that year as are levied under proper authority." Blewitt v. Megargel County Line Independent School District et al., 225 S. W. 271.

And in the case of El Dorado Independent School District et al., v. Tisdale, et al., 3 S. W. (2d) 420, the Commission of Appeals stated the following:

"Naturally, this municipal corporation (absent expressed declaration of authority therefor) cannot exert its powers

extra-territorially. The 1925 statute (prima facie valid at least) cut off authority to make assessments on property beyond its limits and, in turn, to enforce the charges thus fixed."

While the cases above cited dealt with territory annexed to an independent school district we are of the opinion that the principles announced apply with equal force where property is annexed to common school districts. In the first place the same statutes govern both the transfer of territory from a common school district to an independent school district and a transfer from an independent to a common school district. Articles 2742e, 2742f, Vernon's Annotated Civil Statutes. In the second place, the constitutional and statutory provisions authorizing the levy and collection of maintenance taxes apply both to common and independent school districts. Article VII, Section 3, Constitution of Texas; Articles 2784, 2785, Vernon's Annotated Civil Statutes.

You are, therefore advised that where territory is detached from an independent school district and annexed to a common school district after January 1st, such territory is subject to the common school district maintenance tax for the year in which the transfer was effected.

You do not state whether the enlarged common school district has voted a maintenance tax. Before such a tax can legally be levied and collected, at least on the annexed territory, the enlarged district must vote "such tax in the way and manner provided by law and by the Constitution". Pyote Independent School District v. Dyer (Com. App.), 34 S. W. (2d) 578; Bigfoot Independent School District v. Genard et al., 116 S. W. (2d) 804, affirmed; 129 S. W. (2d) 1213; Crabb v. Celeste Independent School District (Sup. Ct.), 146 S. W. 528; Hill v. Smithville Independent School District (Com. App.), 251 S. W. 209; Article VII, Section 3, Constitution of Texas.

Very truly yours

APPROVED SEP 12, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks
Assistant

GWS/s/lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN