

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 11, 1963

Honorable Joe N. Chapman, Chairman
Committee on Judiciary
House of Representatives
Austin, Texas

Opinion No. C-34

Re: Constitutionality of
House Bill 558 of the
58th Legislature vali-
dating certain contracts,
warrants, refunding bonds
and related proceedings
of cities and counties.

Dear Mr. Chapman:

You have requested our opinion on this proposed legislation as to its constitutionality.

House Bill 558 is, in substance, similar to House Bill 260, Chapter 126, Acts of the 57th Legislature, Regular Session, 1961, codified by Vernon as Article 2368a-7, which was approved by the Governor of Texas on May 15, 1961, and which validated, under certain conditions, certain city and county contracts, scrip and time warrants, refunding bonds and certain related proceedings. It is evident, therefore, why House Bill 558 is limited to matters occurring since a preceding validating act of like effect was approved, and we find nothing repugnant to the Constitution of Texas in this feature of the bill.

House Bill 558 is substantially identical with a lengthy series of validating acts pertaining to the issuance of warrants, and related actions, by cities and counties in Texas. These statutes are codified as Articles 2368a-2 to 2368a-8, both inclusive, V.C.S.

As to the validating provisions of House Bill 558, the power of the Legislature to enact such curative statutes is well settled. Moreover, the Legislature may validate anything that

it could have authorized in the first instance. <u>Tom Green County v. Moody</u>, 116 Tex. 299, 289 S.W.381 (1926); <u>Pyote Independent School District v. Dyer</u>, 34 S.W. 2d 578 (Tex.Comm.App. 1931); <u>Bigfoot Independent School District v. Genard</u>, 116 S.W. 2d 804 (Tex.Civ.App. 1938, affirmed 133 Tex. 368, 129 S.W. 2d 1213).

Sections 1 and 2 except from their application the described proceedings by ". . . any county with a population in excess of three hundred and fifty thousand (350,000), according to the last preceding federal census . . ." This exception is obviously made because Section 2 of Article 2368a, V.C.S., the procedural statute governing the same subject, provides for the same population classification. It is our opinion that this exception is reasonable and affords a fair basis of classification. <u>Miller v. El Paso County</u>, 136 Tex. 370, 150 S.W.2d 1000 (1941); <u>Clark v. Finley</u>, 93 Tex. 171, 54 S.W. 343 (1899).

We have examined the title and the other provisions of House Bill 558 and are of the opinion that they do not violate the Constitution of Texas, and that the entire bill is constitutional.

### SUMMARY

House Bill 558 of the 58th Legislature validating certain contracts, scrip warrants, time warrants, refunding bonds, and related proceedings, of cities and counties is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General

By Howard Mays
Howard Mays
Assistant

HWM-s

Hon. Joe N. Chapman, page 3 (C-34)


APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Robert Lewis
Albert Pruitt
Dudley McCalla

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone