## PYOTE INDEPENDENT SCHOOL DIST. v. DYER, Tax Collector.   (No. 1321—5422.)

Commission of Appeals of Texas, Section A. Feb. 12, 1930.

T. H. Neel and Rutledge Isaacks, both of Pyote, and L. A. Dale, of Pecos, for plaintiff in error.

Henry G. Russell, Drane & Hubbard, and W. W. Hubbard, all of Pecos, and J. Lee Bilberry, of Barstow, for defendant in error.

CRITZ, J.  This suit was brought by the Pyote independent school district of Ward county, Tex., against F. I. Dyer, tax collector of said county, to compel him to receive the tax rolls of such district for 1928, prepared and certified to him under the provisions of articles 2791 and 2792, R. C. S. of Texas 1925, and to require him to collect the taxes as represented in such rolls. The district court sustained a general demurrer to the petition, and, the school district having declined to amend, the cause was dismissed, and final judgment entered to that effect. The school district appealed to the Court of Civil Appeals for the Eighth District, which court affirmed the judgment of the district court.  14 S.W.(2d) 289.  Writ of error was granted on application of the school district. We refer to the opinion of the Court of Civil Appeals for further statement.

It is contended by the school district that it was duly incorporated as an independent school district by the county school board of Ward county, acting on a petition signed by a majority of the legally qualified taxpaying voters of former common school district No. 4 of Ward county, on August 6, 1928, under the provisions of section 5, c. 84, General Laws First Called Session Fortieth Legislature 1927, p. 228 et seq.  The section referred to reads as follows: "Whenever a majority of the legally qualified property taxpaying voters residing in a Common School District, or one or more Common School Districts formerly constituting an Independent School District, desire to incorporate the said Common School District as an Independent School District for school purposes only, they may do so on a petition presented to the County Board of Trustees, and when the said County Board of Trustees find that the petition is duly signed by a majority of the legally qualified property taxpaying voters, and sufficient evidence being presented that said district when formed into an Independent School District will be financially capable of maintaining High School work at a reasonable cost per capita, they shall grant said petition by making an order upon the minutes of said County Board of Trustees; said order shall state the name by which said Independent School District shall be known and by which it may sue and be sued; at the same time said County Board of Trustees shall order an election in said Independent School District for seven school trustees, said election to be held according to the General Election Laws of the State; the returns of said election shall be made to the County Board of Trustees who shall declare the result; when the newly elected school trustees have qualified, said Independent School District shall enjoy all the privileges of an Independent School District as provided by Statutes."

The caption or title of the act reads as follows: "An act to provide for increasing or diminishing the area of an Independent School District upon petition of qualified resident property taxpaying voters; providing for the formation of new districts by the County Board out of territory detached from

independent Districts; providing for increasing or diminishing the area of Common School Districts or abolishing Common School Districts by the County Board upon a vote of a majority of the qualified voters in the district affected; removing the maximum limit on the area of an Independent School District and validating all school districts heretofore created; providing for the manner of electing County Trustees; providing for the establishment or consolidation of County Line School Districts; providing for the adjustment of district properties and bonded indebtedness against such a just and equitable basis and repealing all laws, general or special, in conflict herewith, and declaring an emergency."

An examination of section 5, supra, discloses that it authorizes the county school board to incorporate the territory of a common school district, or one or more common school districts formerly constituting an independent school district, into an independent school district, on petition signed by a majority of the legally qualified taxpaying voters of such school district or districts, by order entered on the minutes of the county school board.

██ A careful comparison of the title of this act with section 5 thereof discloses that the subject-matter referred to in section 5, supra, is not even remotely referred to or embraced anywhere in the title. Such being the case section 5 of the act, under which the instant district was attempted to be incorporated, was and is unconstitutional and void, because in contravention of section 35 of article 3 of our State Constitution. This constitutional provision is as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The part of the title which comes nearest to embracing the subject-matter of section 5 is that part thereof contained in the clause, "providing for increasing or diminishing the area of Common School Districts or abolishing Common School Districts by the County Board upon a vote of a majority of the qualified voters in the district affected." Certainly it cannot be said that this part of the caption embraces the subject-matter of a section of the law which authorizes the county school board to incorporate one or more common school districts into an independent school district on petition of a majority of the legally qualified property taxpaying voters, etc.

██ Of course, if section 5 of the act is unconstitutional and void, then the order attempting to create the independent district was and is utterly void because without authority of law, and all subsequent events pertaining thereto were also void. This being the case, the old common school district is left standing with its legally voted and levied taxes. The commissioners' court is the legal authority to levy common school district taxes. The taxes attempted to be levied by the independent district were void because the district was void, and the tax collector was right in refusing to collect such taxes.

We do not pass on any other question raised in this cause, for the reason that it is unnecessary.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.