**WOODSON INDEPENDENT SCHOOL DIST. v. STATE ex rel. COX et al.**

**No. 1958.**

Court of Civil Appeals of Texas. Eastland.

June 2, 1939.

Rehearing Denied July 7, 1939.

Floyd Jones, of Breckenridge, and John Lee Smith, of Throckmorton, for appellant.

D. T. Bowles, of Breckenridge, for appellees.

FUNDERBURK, Justice.

In pursuance of elections ordered by the County Judge of Throckmorton County, the returns of which were canvassed and results declared by the Commissioners' Court of said County, Woodson Independent School District, lying wholly within Throckmorton County, and County Line School District No. 4, lying partly in Throckmorton County and partly in Stephens County, were, if such procedure was legally authorized, formed into a consolidated school district.

The State, by Hon. Ben J. Dean, District Attorney of Stephens County, on relation of A. H. Cox and others, has brought this suit,—an action of quo warranto—challenging the validity of such consolidation on the ground that there existed no legal authority for such consolidation at least in the absence of some action to be taken in relation thereto by the County Judge and/or the Commissioners' Court and/or the County Board of School Trustees of Stephens County, notice to none of which officials or agencies was given, or their consent to such action in any way procured. Woodson Independent School District duly filed its plea of privilege to be sued in Throckmorton County. The plea of privilege was heard with the other issues, in the case in the trial upon its merits. The court gave judgment overruling the plea of privilege, and declaring the attempted consolidation void.

Woodson Independent School District has appealed, challenging the correctness of the judgment, both as to the action of the court in overruling the plea of privilege, and in adjudging the consolidation void.

There can be no doubt, we think, that the court erred, as contended by appellant, in overruling the plea of privilege, regardless of any question of the correctness of the judgment in other respects. A quo warranto suit is not different from other civil suits in respect to the applicability thereto of the venue laws. An examination of the provisions of R.S.1925, Art. 1995, Vernon's Ann.Civ.St. art. 1995, prescribing the general rule of venue and the many exceptions thereto, shows the absence of any exception relating exclusively to an action of quo warranto. The statute relating to quo warranto, R.S. 1925, Art. 6253, provides that the petition in such an action may be presented "to the District Court of the proper county." The question is regarded as settled by the decisions that an action of quo warranto must be brought in a proper county, according to the general venue statute. Denison v. State, Tex.Civ.App., 61 S.W.2d 1017, error refused, 122 Tex. 459, 61 S.W. 2d 1022.

The plea of privilege of Woodson Independent School District, being in statutory form, required the transfer of the case as a matter of course, unless the plaintiff, by a controverting plea, alleged venue facts sufficient to show that the suit was properly brought in Stephens County under one or more of the several exceptions to the rule of exclusive venue in the county of defendant's residence. The controverting plea in this case did not allege facts to show such an exception. The appellees seem to entertain the view that since the suit seeks to establish that the attempted consolidation was void, as contradistinguished from merely voidable, that the suit could be brought and maintained anywhere. In our opinion that contention is untenable. The very nature and purpose of the action of quo warranto was to have an adjudication by the court of the invalidity of the attempted consolidation. Having invoked the jurisdiction of the court to declare the consolidation void, relators likewise thereby invoked the jurisdiction to declare it valid. As said before, the general rules and principles of venue were made applicable. Woodson Independent School District being a political subdivision of the State, located wholly within Throckmorton County, in which its officers and representatives are required to reside, it is deemed unnecessary to cite authority to show that it is within the intent of the venue laws a resident of Throckmorton County.

Ordinarily an appellate court, upon determining that a plea of privilege has been erroneously overruled, will reverse the judgment without considering other questions in the case. Without any purpose to set a precedent likely to impair the operation of such, rule, we have considered the questions involved in the merits of the case, with the result that it

is our conclusion that the action of the court in overruling the plea of privilege may, with no injustice to any of the parties, be regarded as harmless error, and not necessarily controlling in the disposition of the case.

In oral argument, counsel for appellant very logically argued that either the consolidation in question was effected according to law, or else there was no law authorizing the consolidation of a common county line school district with a contiguous independent school district lying wholly within a county. We are impressed that one of these alternatives must be adopted to the necessary exclusion, of course, of the other.

It is our conclusion that Art. 2742b, sec. 5b, Vernon's Ann.Civ.St., authorized the consolidation in question by the procedure that was adopted. It reads:

"In the manner prescribed by general law, Article 2806, Revised Statutes, 1925, providing for the consolidation of school districts by election, Common School and Common County-line Districts may be consolidated, and Common School and Common County-line School Districts may be consolidated with a contiguous Independent District in the same or in an adjoining County; provided that when the proposition is to consolidate districts having territory in two or more adjoining Counties, the petitions and election orders prescribed in Article 2806, Revised Statutes, 1925, shall be addressed to and issued by the County Judge of each County for and in behalf of each district wholly in his County or over which his County has jurisdiction for administrative purposes, and the County Commissioners' Court of each County shall canvass the returns of the election in each district lying wholly within the County or under its jurisdiction for administrative purposes, and declare the results, as in the case of the consolidation of districts lying wholly within one County; and when the results are so declared the consolidation of the districts shall thereby become effective.

"Districts formed under the provisions of this Act by the consolidation of Common School and Common County-line Districts shall be known as consolidated Common or consolidated Common County-line Districts, as the case may be, and shall function as Common School Districts, except as otherwise provided by general law

governing consolidated Common School Districts."

It must be admitted that some of the language of the statute above quoted is not clear. A fair certainty, however, may be arrived at by reading it in connection with sec. 5a of the same Act. Section 5a authorizes the consolidation of two or more contiguous common school districts lying in two or more counties. As to such consolidations it is provided that the County Board of School Trustees in each of the counties is to order the required elections and to canvass and declare the results thereof. The subject matter of sec. 5a consists (1) of common school districts, (2) each of which lies wholly within a particular county.

Section 5b authorizes the consolidation of "Common School and Common County-line Districts" (with each other) and one or both kinds "with a contiguous Independent District in the same or in an adjoining County." As to such a consolidation, when it involves districts having territory in two or more adjoining counties (that is to say, when it involves a Common County-line district), the petitions and election orders shall be according to R.S. 1925, Art. 2806, or; in other words, as further expressly stated, the petitions "shall be addressed to" and the orders "issued by the County Judge of each County for and in behalf of each district wholly in his County *or over which his County has jurisdiction for administrative purposes.*" (Italics ours). It is further provided that "the County Commissioners' Court of each County shall canvass the returns of the election in each district lying wholly within the County *or under its jurisdiction for administrative purposes,* and declare the results, as in the case of the consolidation of districts lying wholly within one County." (Italics ours).

█ █  The fact was established and recognized by all parties that Throckmorton County had jurisdiction of the common county-line school district involved in the consolidation. In our opinion the proper construction of said section 5b is that when it is proposed to consolidate an existing common county-line school district (meaning a common school district lying partly in two or more counties) with any other district authorized, the authority to order the election so far as concerns such common county-line district is the county judge of the county which has jurisdiction

for administrative purposes. The selection of such county is provided for in said section 5a, in the requirement that after the consolidation of two or more common school districts lying wholly in different counties, the trustees of the districts entering into such consolidation at a meeting to be held shall, among other things, "designate the County having supervision of said consolidated district."

It being our conclusion that upon the record presented, the court, upon the merits of the case, should have rendered judgment in favor of the respondents, which happens to be. in full accord with their contentions, and that, therefore, given such relief, respondents cannot be prejudiced by the action of the court upon the plea of privilege, we further conclude that the judgment of the court below should be reversed and judgment be here rendered to the effect that relators take nothing by their suit, and that the defendants go hence without day and recover all costs in this and the trial court. It is accordingly so ordered.