**NEWSOME, County Judge, et al. v. ELLIOTT et al.**

No. 5709.

Court of Civil Appeals of Texas. Texarkana.

April 11, 1940.

Rehearing Denied April 18, 1940.

R. T. Wilkinson and F. B. Caudle, both of Mt. Vernon, for appellants.

J. A. Ward and Hiram G. Brown, both of Mt. Pleasant, for appellees.

JOHNSON, Chief Justice.

Talco Independent School District is a county-line district composed of territory located partly in Franklin County and partly in Titus County, the principal school being in Titus, the administrative county. Kinney Point Common School District No. 31 is located wholly within Franklin County. It adjoins the Talco district on the west. The Talco district has a considerable outstanding bond indebtedness against it.

On the morning of January 25, 1939, Hon. Carlton Newsome, County Judge and ex-officio Superintendent of Public Schools of Franklin County, learned that a petition was being circulated in the Kinney Point district for an election to consolidate said district with the Talco district, whereupon a meeting of the County Board of School Trustees of Franklin County was called, at which meeting the matter of consolidating Kinney Point District and Hagansport Common School District No. 26 of Franklin County was considered by the Board, but no order was entered consolidating said districts on that date. The minutes of the Board read as follows:

"January 25, 1939.

"The Board was called to order by J. E. Smith, President, and the following business transacted to-wit:

"Came on to be considered re-districting of the school districts of Franklin County. There was a discussion concerning the grouping of Kinney Point District No. 31 and Hagansport, District No. 26, for the purpose of establishing a Rural High School.

"Motion made and seconded to notify the Trustees of Kinney Point No. 31 to meet with the County Board Thursday, January 26th at 2 o'clock to talk over the matter discussed above.

"There being no further business, the Board adjourned to meet Thursday, January 26th, 1939."

On the morning of January 26, 1939, a petition of more than twenty, a majority of the qualified voters residing in said Kinney Point district, presented a petition to the Hon. Carlton Newsome, County Judge of Franklin County, praying for the consolidation of their district with said Talco district, and that an election be ordered for that purpose. A like petition signed by the requisite number of qualified voters of said Talco district was presented to and granted by the Hon. C. T. Neugent, County Judge of Titus County. In the afternoon of January 26th, following presentation of said petition to Judge Newsome, the County Board of School Trustees of Franklin County met and entered an order consolidating Kinney Point and Hagansport districts. Whereupon, Judge Newsome refused to grant the petition for election on the proposed consolidation of Kinney Point and Talco districts. On March 29, 1939, this suit was filed by G. M. Elliott and others, qualified voters residing in Kinney Point district, against Judge Newsome as County Judge and ex-officio County School Superintendent, the members of the County Board of School Trustees, and the Trustees of said Hagansport Common School District, of Franklin County. Plaintiffs' petition alleged that the action of the County Board of School Trustees in consolidating Kinney Point and Hagansport common school districts of Franklin County was without authority of law, arbitrary and void. The petition prayed that defendants be enjoined from doing any thing further toward effecting consolidation of Kinney Point and Hagansport districts, and that a writ of mandamus issue commanding Judge Newsome to order the election on the question of consolidating said Kinney Point and said Talco districts. Trial of the case to the court without a jury resulted in a judgment declaring the order of the County Board of School Trustees of Franklin County entered January 26, 1939, purporting to consolidate Kinney Point and Hagansport districts void. The writs of injunction and mandamus were granted as prayed for. The defendants have appealed.

Appellants' first proposition asserts that the trial court erred in granting the writ of mandamus commanding the county judge of Franklin County to order the election in question, because appellees did not plead or prove that either the Commissioners' Court or the County Board of School Trustees of Titus or of Franklin County had consented to the proposed consolidation of said Kinney Point and Talco districts. The specific contention is that a county-line school district, such as the Talco district, composed of territory lying in two counties, may not lawfully be *changed* by the addition, as here attempted, of territory to or by detaching territory from such county line district, without the consent of the Commissioners' Court of both such counties, as required by R. S. Article 2744, reading: "* * * Such district shall not be changed or abolished except by the consent of the commissioners court of each county having territory contained therein, and if such a district has outstanding bonds the same shall not be changed or abolished in any way until after such bonds are finally paid and discharged." We believe the contention is sound.

In the case of County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001, the above-quoted provisions of Article 2744 were construed in connection with other statutes cited in the opinion, as prohibiting and rendering void the action of the County Board of School Trustees of Runnels County purporting to detach territory from the Talpa County Line Consolidated Independent School District, a county-line school district composed of territory lying partly in Coleman County and partly in Runnels County, without consent and action of the County Board of School Trustees of Coleman County.

In the case of Benton v. Long, 128 S.W. 2d 446, 448, the Galveston Court of Civil Appeals held void an election and the order of the Commissioners' Court declaring the results thereof consolidating "a county-line school district," No. 26, composed of territory lying in two counties and "a consolidated common school district", because consent of the Commissioners' Court of each of the counties having territory contained in said "county-line school district" had not been obtained as required by Article 2744. Judge Graves, speaking for the court said:

"* * * since No. 26 was a county-line district, and since the undisputed facts, as well as the trial court's unquestioned findings, show that the consent of both the Commissioners' Courts to the proposed consolidation was not obtained, the order of

the Commissioners' Court declaring the consolidation—as well as the election upon which it was based—were wholly void, as being violative of the express inhibition thus contained in R. S. Article 2744: 'Such district (that is, a county-line one) shall not be changed or abolished except by the consent of the commissioners court of each county having territory contained therein, and if such a district has outstanding bonds the same shall not be changed or abolished in any way until after such bonds are finally paid and discharged.'

"This holding is made upon a construction of the cited Article dealing with the powers of and limitations upon county-line school districts, as well as upon the authority of these two decisions: Lubbock County School Trustees v. Harral County Line Independent School Dist., Tex.Civ. App., 95 S.W.2d 204; County School Trustees of Runnels County v. State, Tex. Civ.App., 95 S.W.2d 1001, application for writ of error dismissed."

It is contended that the case of Woodson Independent School Dist. v. State, Tex.Civ. App., 130 S.W.2d 1038, supports appellees' contention that consent of the Commissioners' Court of Franklin County was not necessary to the proposed consolidation of Kinney Point Common School District lying wholly within Franklin County and the Talco Independent School District, a county-line district lying partly in Titus and partly in Franklin County. In that case "County Line Common School District No. 4", lying partly in Stephens County and partly in Throckmorton County and administered by Throckmorton County, was consolidated with Woodson Independent School District lying wholly within Throckmorton County, as the result of an election ordered by the County Judge of Throckmorton County, the returns canvassed and the results declared by the Commissioners' Court of Throckmorton County, without the consent of the County Judge, the Commissioners' Court, or the County Board of School Trustees of Stephens County. The consolidation was held valid upon the conclusion that the procedure followed was authorized by Article 2742b, Sec. 5b. But it does not appear from the opinion that the court's attention was called to the provisions of Article 2744 which forbids that a county-line district be "changed or abolished except by the consent of the commissioners court of each county having territory contained therein." On the other hand, it appears that in each of the cases where the court's attention was called to the provisions of Article 2744 they were applied.

In our opinion it is the sound doctrine to apply the provisions of Article 2744, requiring consent of the Commissioners' Court of each county having territory contained therein, to a proposed change of a county-line district whether such change be to add territory to or detach territory from such county-line district. And further, it is not thought to have been the legislative intent in the enactment of the statutes permitting consolidation of school districts, nor would such appear to be a sound policy, to authorize a common school district (as Kinney Point), or any school district, to effect a withdrawal of its territory for school purposes from its own county and attach same to territory of or controlled by another county, without consent of the governing bodies of both counties.

The judgment of the trial court will be reversed and the cause remanded.