### PLEASANT VALLEY COMMON SCHOOL DIST. NO. 7 et al. v. STORY, County Judge, et al.

No. 3948.

Court of Civil Appeals of Texas. El Paso.

May 23, 1940.

Rehearing Denied June 20, 1940.

W. S. Moore, of Gainesville, and C. H. Slaughter, of Stanton, for appellants.

Vernon D. Adcock, of Lamesa, for appellees.

PRICE, Chief Justice.

On February 6, 1939, Pleasant Valley Common School District No. 7, wholly in Martin County, had, as one of its boundaries, a common boundary line with Klondyke Independent School District, wholly in Dawson County. On that date the County School Board of Martin County, on a petition of the residents of the Pleasant Valley Common School District, entered an order on the minutes of the Board purporting to change said Pleasant Valley District from a common school district to an independent district, with the identical area as it had as a common school district. In this order an election was called for April 1, 1939, for the election of seven trustees from the new district. This election was duly held on the date called and seven trustees were elected, four of whom thereafter qualified.

In pursuance of proper petitions signed by the requisite number of residents in the Pleasant Valley District, the County Judge of Martin County called an election to be held on the 18th day of March, 1939, to determine whether or not Pleasant Valley Independent School District be consolidated with said Klondyke Independent School District in Dawson County. A like election for a like purpose was called by the County Judge of Dawson County for the same date in the Klondyke District to determine whether or not the Pleasant Valley District should consolidate with it. These two elections were each held and at each election the result was in favor of consolidation. The Commissioners' Court of the respective counties each so declared and certified the results. Thereafter appellants filed this contest in the District Court of Martin County seeking to have such election declared void and enjoining all action thereunder. The trial was to the court and the judgment denied all relief sought by appellants. From which judgment this appeal was duly perfected.

The main ground for assailing the election was that the order of the County Board of Trustees changing Martin County District from a common to an independent district was void, and that the question really voted on at the election was whether two independent school districts should be consolidated, and not whether a common and an independent district be consolidated. The alternative position is taken that if the order of the County Board of Martin County was effective, then there is no authority in law to consolidate the two districts.

■ It seems to be the position of each party that the order of February 6, 1939, of the County Board of Martin County was void and ineffective. In the case of Pyote Independent School District v. Dyer, Tex. Com.App., 24 S.W.2d 37, it was held that Sec. 5 of Art. 2742b, Vernon's Ann.Civ.St., purporting to confer the power on the County Board to change a common school district into an independent school district, was unconstitutional. This portion of the law was held unconstitutional by the Supreme Court for the reason that the title or caption to the Act did not mention this subject matter as required by Sec. 35 of Art. 3 of the Constitution, Vernon's Ann.St. The Supreme Court, in the case on rehearing, 34 S.W.2d 578, based on a validating act of the Legislature, held that the district under such validating act had legal existence. The holding as to the unconstitutionality of the section in question was not disturbed. It does not appear that the section of 2732b, under consideration in Pyote Independent School District v. Dyer, supra, has ever been re-enacted by the Legis-

lature. We are, therefore, of the opinion that the action of the County Board was void and ineffective. Conclusion follows that, despite the order of the Board, Pleasant Valley remained a common school district, and was unaffected by said order. It was such common school district at the time the election was called and at the time same was held.

The elections called by the respective County Judges of Martin and Dawson Counties were to determine whether or not the miscalled Pleasant Valley Independent School District be consolidated with the Klondyke District. This was the question voted upon in each district. This was the result declared by the respective Commissioners' Courts.

Section 5b of Art. 2742b authorizes the consolidation of a common school district in one county with a contiguous independent district in another. The procedure prescribed by law seems to have been complied with in all material respects. Pleasant Valley was, before the election, a common school district contiguous to the Klondyke Independent District in Dawson County.

The position taken is, that because, throughout, the Martin County District was referred to as an independent district, the election did not have the effect of consolidating the two districts.

 The power delegated to the voters of school districts to determine the question as to consolidation under the conditions imposed by law is legislative in its character. If in the instant case the proceedings taken evidence an intention to consolidate the two areas involved as an independent school district this intention should be vindicated. It does not appear that there was any area other than the Pleasant Valley Common School District that was referred to as the Pleasant Valley Independent School District. Indisputably the areas are the same. The documentary evidence in evidence establishes clearly why same was called an independent instead of a common school district. Under the attempted change it does not appear that the district took any action as an independent district other than the election of seven trustees, four of whom qualified as such. The purpose of the election was to constitute the two areas involved an independent school district with the powers incidental to such a quasi municipal corpo-

ration. The real question was whether the two areas be constituted into one. We are of the opinion that this in reality was the question submitted at each election. This question was decided by the respective voters of each district. The act of the instrumentalities charged with the duty of determining as to the area and establishment of school districts should receive a fair, liberal and practical construction. County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001.

The judgment of the District Court is affirmed.