## DONALDSON et al. v. STATE ex rel. JANES et al.

No. 5969.

Court of Civil Appeals of Texas.

March 26, 1942.

Rehearing Denied April 23, 1942.

Moore & Moore, of Paris, and R. H. Good, of Cooper, for appellants.

W. H. Crunk, of Cooper, W. H. Edwards, of Texarkana, and R. T. Wilkinson, of Mt. Vernon, for appellee.

HALL, Justice.

The agreed statement of the case is as follows:

"This is a suit in the nature of a quo warranto by The State of Texas by W. H. Crunk, County Attorney of Delta County, Texas, on the relation of Dr. Osler Y. Janes and another, brought in the District Court of the Sixty-second Judicial District for Delta County, Texas, against L. P. Donaldson and six other persons, in their capacity as trustees of Howland Consolidated Independent School District. The purpose of the suit was to have declared void the consolidation of Lake Creek Common School District No. 15, situated wholly in Delta County, with the contiguous Howland Independent School District, situated wholly in Lamar County, which resulted from a favorable vote by the qualified votees of each of the districts.

"On a trial had on the 18th day of October 1941, before the Court without a jury, judgment was rendered holding void such consolidation. From that judgment the defendants have duly perfected their appeal to this Court."

The first two points presented by appellants are:

"1. The elections held on June 14, 1941, in Lake Creek Common School District No. 15, situated wholly in Delta County, and in Howland Independent School District, situated wholly in Lamar County, for the purpose of determining by a vote of their respective voters whether a consolidation of such districts should be effected as proposed, was and is authorized by valid legislative enactment.

"2. The elections respectively held on the 14th day of June 1941, in Lake Creek Common School District No. 15, situated wholly in Delta County, and in Howland Independent School District, situated wholly in Lamar County, for the purpose of consolidating said districts into Howland Consolidated Independent School District, and the orders of the Commissioners' Courts of the two counties declaring the result of such elections to be in favor of consolidation, effected a legal consolidation of the two districts."

The facts are agreed that on May 23, 1941, a petition signed by more than twenty qualified property-owning voters of Lake Creek Common School District was presented to the county judge of Delta County seeking an election to determine whether said district should be consolidated with Howland Independent School District of Lamar County. In response to said petition the county judge ordered an election for June 14, 1941. Thereafter, on June 23, 1941, the Commissioners' Court of Delta County canvassed the returns of said election and declared the result to be in favor of consolidation. The same procedure was followed by the voters of Howland Independent School District and the result of the election was declared by the Commissioners' Court of Lamar County to be in favor of consolidation. The trial court concluded that there is no "authority in law for the consolidation of a common school district in one county with an independent school district in another county, when neither is a county-line district, notwithstanding such districts are contiguous one to the other, without the consent of the governing bodies of both counties." Vernon's Ann.Civ.St. Article 2742b, Sec. 5b, among other things, provides that a common school district may be consolidated with a contiguous independent school district in the same or an adjoining county, "in the manner prescribed by general law, Article 2806, Revised Statutes, 1925, providing for the consolidation of school districts by election." The method pursued in the consolidation here under investigation was in compliance with R.S. Article 2806, Vernon's Ann.Civ.St., Art. 2806, as authorized by the provisions of Vernon's Ann.Civ.St. Article 2742b, Sec. 5b. It is undisputed that Lake Creek Common School District lies wholly within Delta County and Howland Independent School District lies wholly within Lamar County, and that they are contiguous. A parallel case to this in point of fact is Pleasant Valley C. S. D. v. Story, Tex.Civ.App., 142 S.W.2d 258, 260, writ refused. In that case it appears that Pleasant Valley Common School District No. 7 lies wholly within Martin County and Klondyke Independent School District lies wholly within Dawson County and they are contiguous. Chief Justice Price, speaking for the court, said:

"The elections called by the respective County Judges of Martin and Dawson Counties were to determine whether or not the miscalled Pleasant Valley Independent School District be consolidated with the Klondyke District. This was the question voted upon in each district. This was the result declared by the respective Commissioners' Courts.

"Section 5b of Art. 2742b authorizes the consolidation of a common school district in one county with a contiguous independent district in another. The procedure prescribed by law seems to have been complied with in all material respects. Pleasant Valley was, before the election, a common school district contiguous to the Klondyke Independent District in Dawson County. * * *

"The purpose of the election was to constitute the two areas involved an independent school district with the powers incidental to such a quasi municipal corporation. The real question was whether the two areas be constituted into one. We are of the opinion that this in reality was the question submitted at each election. This question was decided by the respective voters of each district. The act of the instrumentalities charged with the duty of determining as to the area and establishment of school districts should receive a fair, liberal and practical construction. County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001."

It is clear from the above holding that Vernon's Ann.Civ.St. Article 2742b, Sec. 5b, and R.S. Article 2806, Vernon's Ann. Civ.St. Art. 2806, when construed together furnish ample authority for the consolidation of school districts such as here under consideration.

[2, 3] It is contended by appellees that the governing bodies of the two counties must consent or acquiesce in the consolidation as provided in R.S. Article 2744. We held in Newsome, County Judge, et al. v. Elliott et al., 139 S.W.2d 221, 223, that: "* * * it is the sound doctrine to apply the provisions of Article 2744, requiring consent of the Commissioners' Court of each county having territory contained therein, to a proposed change of a county-line district whether such change be to add territory to or detach territory from such county-line district. And further, it is not thought to have been the legislative intent in the enactment of the statutes permitting consolidation of school districts, nor would such appear to be a sound policy, to authorize a common school district (as Kinney Point), or any school district, to effect a withdrawal of its territory for school purposes from its own county and attach same to territory of or controlled by another county, without consent of the governing bodies of both counties."

Writ of error was dismissed by the Supreme Court in that case with the notation "correct judgment." The Newsome case did not discuss the validity of Article 2744—no attack was made upon it. However, since the Newsome case was handed down, the Supreme Court refused writs of error in Pleasant Valley C. S. D. v. Story, supra, and in the case of Hunt v. Trimble, Tex.Civ.App., 145 S.W.2d 659, 661. In the latter case it is said: "Upon examination it will be noted that article 2744 was an Act of the Legislature in 1911 while article 2742b was an Act of the 40th Legislature in 1927. By section 13 of the latter Act, known as House Bill No. 99, General and Special Laws of the 40th Legislature, it was provided that all 'laws and parts of laws, General and Special, in conflict with this Act are hereby repealed'. Therefore, if the above provisions of the two Acts are in conflict the 1927 Act must prevail as far as the procedure outlined for the consolidation is concerned. In the latter Act the sole requirement is that the qualified voters present their petition to the county judge in each county in behalf of each district wholly in his county or over which his county has jurisdiction whose sole duty it became to issue an order for the election as prescribed in article 2806, and that after such election was held the commissioners' court of each county should canvass the returns of the election in each district lying wholly within such county or under its jurisdiction and declare the results. In this Act the consent of no one is required, not even the consent of the county judge issuing the election orders nor the commissioners' court or any other officials of his or any other county. The natural import of this provision is that the only consent necessary to the consolidation is that of the voters expressed in an election called for such purpose. The will of the voters being the paramount concern of the Legislature the manner of obtaining such expression is of little importance."

It is clear, then, that our Supreme Court has approved holdings in the two cases mentioned last above, which holdings are to the effect that Vernon's Ann.Civ.St. Articles 2742b, Sec. 5b, and 2806 furnish the procedure for the consolidation of school districts such as here involved; and that the procedure for consolidation provided in Article 2744 was repealed by Vernon's Ann.Civ.St. Article 2742b, Sec. 13, H.B. No. 99, c. 84, General and Special

Laws, 40th Legislature, 1st Called Sess. Appellants' points 1 and 2 are sustained.

 But appellees insist that: "Sec. 5b (Art. 2742b) undertakes to authorize the consolidation of a common school district with a contiguous independent school district in the same or adjoining county. We contend that that is not authorized by the caption of the Act because the caption of the Act only authorizes the consolidation of a county-line district." We do not agree with this contention. The caption of the act is: "An act to provide for increasing or diminishing the area of an Independent School District upon petition of qualified resident property taxpaying voters; providing for the formation of new districts by the County Board out of territory detached from independent Districts; providing for increasing or diminishing the area of Common School Districts or abolishing Common School Districts by the County Board upon a vote of a majority of the qualified voters in the district affected; removing the maximum limit on the area of an Independent School District and validating all school districts heretofore created; providing for the manner of electing County Trustees; providing for the establishment or consolidation of County Line School Districts; providing for the adjustment of district properties and bonded indebtedness against such a just and equitable basis and repealing all laws, general or special, in conflict herewith, and declaring an emergency."

Article 3, Sec. 35 of the Texas Constitution Vernon's Ann.St., provides: "No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The general subject of the Act is solely referable to the establishment and operation of public school districts. It will be noted also that the first expression contained in the caption copied above provides "for increasing or diminishing the area of an Independent School District upon petition of qualified resident property taxpaying voters." Sec. 5b of the Act has direct reference to that portion of the caption and furnished the correct course of action and procedure to be followed in consolidating the two school districts. In Doeppenschmidt v. International & G. N. Ry., 100

Tex. 532, 101 S.W. 1080, 1081, our Supreme Court says: "It would be burdensome if not intolerable to require that the title should be as full as the act itself. The word 'title' implies that no such requirement exists. The purpose of the constitutional provision [Art. 3, Sec. 35] is merely to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented." Guided by the above statement, we conclude that the title to Article 2742b fully advised the legislators of its contents and was sufficient to prevent their deception or surprise in its enactment. Moreover, in Hunt v. Trimble, supra, in passing upon this very title, as it relates to another section of the Act, it is said: "We therefore conclude that the title to this Act was sufficient to give 'fair indication and reasonable notice' to the legislators that the body of the bill included the provision under attack and thus prevented 'the mischiefs against which the Constitution seeks to guard.'" That holding is applicable to the section of the Act here under "attack."

Therefore, in deference to the effect of the Supreme Court's refusal to grant writs of error in Pleasant Valley C. S. D. v. Story, supra, and Hunt v. Trimble, supra, it follows that the judgment of the court below based upon the agreed statement of facts must be reversed and rendered, and it is accordingly so ordered.

JOHNSON, Chief Justice (dissenting). Article 2742b does not expressly repeal Article 2744. I am unable to agree that Section 5b of Article 2742b should be so construed as being in irreconcilable conflict with, and for that reason must be given the effect of repealing Article 2744, which provides that county line school districts "shall not be changed or abolished except by the consent of the commissioners court of each county having territory contained therein." Attention has been called by our Supreme Court to the patch-work condition existing in our school laws. Until this condition is remedied, the courts should indulge every reasonable effort to harmonize its many apparently conflicting provisions, in order that the efficiency of our county unit of government in public free school matters may not be further impaired. To place upon the language of Section 5b a literal and all-inclusive meaning, it may be that it is susceptible to the construction of authorizing secession of territory for

328

school purposes from one county and the joining of same onto another county without the consent of the governing bodies of either county, and without regard to whether same may result in any injury to the school system of the one county and a burden to the other county, and without regard to whether the newly-formed district would be financially capable of maintaining its school work at a reasonable cost per capita. If Section 5b be given such literal meaning so placed upon it in the decisions followed in the majority opinion in this case, such change and withdrawal of territory from one county and the joining of same onto another county could be effected upon the consent and petition of 20 qualified voters, alone, in each district, regardless of the results of the election, in that it provides that the Commissioners' Court of each county shall canvass the returns of the election in each county and declare the results, "and when the results are so declared (regardless of whether a majority voted for consolidation) the consolidation of the districts shall thereby become effective." (Parenthetical remark ours.) Under such construction it will be further observed that Section 5b does not expressly provide that a common school district *or* a common county-line school district may be consolidated with a contiguous independent district in the same or in an adjoining county, but only provides that "Common School *and* Common County-line School Districts may be consolidated with a contiguous Independent District in the same or in an adjoining County." I think a more liberal construction may reasonably be placed upon Section 5b, not as intending to conflict with and thus repeal Article 2744, but as intending to prescribe the method or machinery for registering the voice of the majority of the qualified voters residing in the affected districts, requiring their consent as well as the consent of the Commissioners' Courts (as provided by Article 2744) of the affected counties to such proposed changes. By so harmonizing the two statutes involved and giving effect to both, the disrupting effects above mentioned may be avoided.

In the present case the Commissioners' Court of Delta County canvassed the returns and declared the result of the election, but refused to pass and enter an order declaring the districts consolidated. It is not to be presumed that their action was not based upon proper reasons.