**ELLIOTT et al. v. MOFFETT et al.**

**No. 5961.**

Court of Civil Appeals of Texas. Texarkana.

Nov. 6, 1942.

Rehearing Denied Nov. 19, 1942.

Hiram G. Brown and J. A. Ward, both of Mt. Pleasant, for appellants.

F. B. Caudle and R. T. Wilkinson, both of Mt. Vernon, for appellees.

WILLIAMS, Justice.

In a former trial of this cause of action which attacked the refusal of the Hon.

Carlton Newsome, then County Judge of Franklin County, Texas, to grant the petition of G. M. Elliott and others for an election on a proposed consolidation of Kinney Point Common School District No. 31, located wholly within Franklin County, and Talco Independent School District, a county-line district composed of territory located partly in Franklin County and partly in Titus County; and which attacked the action of the County Board of School Trustees of Franklin County in consolidating Kinney Point and Hagansport Common School Districts of Franklin County, the action of the County Board was declared void and the Board was enjoined from doing anything further toward affecting a consolidation of the two last-named school districts. The court also issued a mandamus directing the county judge to order the election on the proposed consolidation as prayed for by G. M. Elliott and others. Upon appeal, above decree was reversed and the cause was remanded by this court as reported in Newsome et al. v. Elliott et al., Tex.Civ.App., 139 S.W.2d 221.

The instant appeal is from a judgment which sustained defendants' special exception to plaintiffs' first amended original petition. Plaintiffs declined to amend and the cause was dismissed. That portion of the judgment entered which reflects the special exception urged and the reason for the court's action reads:

"On this August 21st, 1941, came on to be heard the defendant's exception to the sufficiency of the plaintiffs' petition, and after having * * * heard the same with argument of counsel thereon, the Court is of the opinion that the same should be sustained because there is no allegation in the petition wherein the plaintiffs allege that the consent of the Commissioners' Court of Franklin County and the Commissioners' Court of Titus County had been obtained, and it appearing therefrom that the Kinney Point Common School District lies wholly within Franklin County and not contiguous to the county line and is a common school district, and Talco Independent School District is an independent school district with territory in Titus County and in Franklin County with administrative control and jurisdiction in Titus County * .* * and in accordance with the opinion of the Court of Civil Appeals and the Supreme Court in this case, and following the holdings thereon, the said exception is sustained."

With the exception of defendant the Hon. Cleve Moffett, the present County Judge of Franklin County, who succeeded the former County Judge, the Hon. Carlton Newsome, all parties, plaintiff and defendants, respectively, are the same here as in the former trial. The allegations in plaintiffs' first amended original petition in all material respects were the same as contained in their original petition presented on the former trial. And we agree with appellees, as stated in their supplementary brief, that the one question raised in the lower court and now involved on this appeal, relates to the failure of plaintiffs to allege the consent of the Commissioners' Courts of Titus and Franklin Counties to the consolidation election prayed for by the petition of the voters of the two school districts here involved.

This was the sole question presented and considered by this court and decided adversely to plaintiffs on the former appeal, as will be observed in the reported case, Newsome v. Elliott, supra. This was the sole and precise question presented by plaintiffs in their application to the Supreme Court of Texas for writ of error, and there disposed of with the notation, "The same having been duly considered and the Court having determined that the judgment of the Court of Civil Appeals is correct, it is ordered that the application be dismissed for want of jurisdiction." "It is a well settled principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court, and the trial court, through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed. * * *" Frankland v. Cassaday, 62 Tex. 418; 3 T.J. pp. 1338, 1341, and authorities there collated; 5 C.J.S., Appeal and Error, § 1821, p. 1267, and authorities there cited. This rule of "the law of the case" the honorable district judge observed in acting upon the special exception which raised again the identical question. The court " * * * did precisely what he was commanded to do". Texas & P. Rwy. Co. v. Shoemaker, Tex.Civ.App., 81 S.W. 1019, 1020. It has been repeatedly held by the courts of Texas that "a decision of a court of civil appeals is the law of the case upon a subsequent appeal to that court of the same case." 3 T.J. p. 1340 and authorities there collated; Payton v. Travis County, Tex.Civ.App., 129 S.W.2d 361.

It is urged that by reason of the holding in Hunt v. Trimble, Tex.Civ.App., 145 S.W.2d 659, writ refused, both actions had subsequent to the rendition of the opin-

ion in Newsome v. Elliott, supra, the rule of "the law of the case" is not applicable to the record in the present appeal. Not unmindful of the holding in Hunt v. Trimble, supra, and the majority opinion of this court in Donaldson v. State, Tex.Civ.App., 161 S.W.2d 324, we conceive it to be our duty to follow the law as announced in our former opinion and as respected by the trial court in the instant appeal. 1 A.L.R. 1269, and authorities there listed; Western & A. R. Co. v. Third National Bank, 125 Ga. 489, 54 S.E. 621; District of Columbia v. Brewer, 32 App.D.C. 388; Haley v. Kilpatrick, 8 Cir., 104 F. 647; Brooks v. Zorn, Tex.Civ.App., 53 S.W.2d 99; Moore v. Chamberlain, 109 Tex. 64, 195 S.W. 1135. See, also, Miller v. McCutcheon, 117 N.J. Eq. 123, 175 A. 155, 95 A.L.R. 708, and authorities there cited for a further recognition of the reason for this rule of "the law of the case" as stated in 3 T.J. p. 1339, namely, it "is founded upon public policy and is intended to put an end to litigation." Sherman v. Port Huron Eng. Co., 87 Minn. 495, 82 N.W. 413, 414; Texas & P. Ry. Co. v. Shoemaker, Tex.Civ.App., 81 S.W. 1019, 1020.

The judgment of the trial court is affirmed.