

# The Attorney General of Texas

September 11, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Willie L. Scott
Major General, TexARNG
The Adjutant General
Adjutant General's Department
Austin, Texas 78763

Opinion No. MW-240

Re: Whether the pay of a teacher may be docked to cover the cost of a substitute when he is absent performing military duty as a member of the National Guard or the armed forces reserves

Dear Mr. Scott:

You indicate that some Texas school districts reduce the pay of teachers who are absent from teaching duties to perform Reserve or National Guard duty in a sum equal to the amount paid the teachers' substitutes for the period of absence. You ask whether this practice is permissible.

Article 5765, V.T.C.S., provides, in pertinent part:

> Sec. 7. (a) All officers and employees of the State of Texas and of any. . . political subdivision. . . who shall be members of the State Military Forces, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of. . . salary on all days during which they shall be engaged in authorized training or duty ordered or authorized by proper authority, for not to exceed fifteen (15) days in any one calendar year.

School districts are political subdivisions of this state. Woodson Ind. School District v. State, 130 S.W. 2d 1038 (Tex. Civ. App. - Eastland 1939, writ dism'd, judg. corr.); 51 Tex. Jur. 2d Schools §§5, 6. Accordingly, public school teachers are employees of a political subdivision and are clearly governed by article 5765.

Section 16.055 of the Education Code provides that:

> (a) A school district must pay each employee who is qualified for and employed in a position classified

under the Texas Public Education Compensation Plan set forth in Section 16.056 of this chapter not less than the minimum monthly base salary, plus increments for teaching experience, specified for the position.

In addition to the minimum monthly base salary specified for the employee's position and pay grade, which school districts are obligated to pay, districts may supplement their employees' salaries from local revenue sources. An employee's "salary," therefore, is the monthly base salary prescribed in the Public Education Compensation Plan plus any local supplements provided by the district.

Article 5765 unequivocally provides that employees may not lose any salary during the time they are engaged in military training or duty as specified therein, not to exceed fifteen days in a calendar year. Article 5765 is to be liberally construed to effecuate its intended purpose, which is to prevent public employees who are performing military obligations from being penalized. Attorney General Opinion C-679 (1966). The net result of a requirement that teachers pay for substitutes necessitated by their absence is that the salary provided for in their employment contracts is effectively reduced by that amount. There is no room for doubt that this practice is contrary to the language and spirit of article 5765.

## SUMMARY

Under article 5765, V.T.C.S., public school teachers may not be required to pay for substitutes necessitated by their absence while engaged in military training or duty.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Bradshaw
Susan Garrison
Rick Gilpin
Bruce Youngblood