

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

*See; Central Education Agency v. Independent School Dist. of El Paso 254 SW2d 357 (1953)*

March 9, 1951

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1154

Re: Authority of the State Board of Education to transfer the territory of a military reservation to a contiguous school district.

Dear Sir:

You request the opinion of this office concerning Senate Bill 274, Acts 44th Leg., 1935, ch. 112, p. 299 (Article 2756(b), V.C.S.,) and ask the following questions:

1. "Is the State Board of Education empowered by terms of the Act to include the territory of a military reservation in a contiguous school district?"

2. "If the first question is answered in the affirmative, is the territory included within the contiguous school district to be considered a part of that district in the determination of the local funds to be charged to the district under Section 5 of Article 2922-16, Vernon's Civil Statutes?"

Section 1 of Senate Bill 274 provides:

"That the State Board of Education is hereby authorized and empowered to establish independent school districts upon any military reservations located within the State of Texas, upon such terms and conditions as may be agreed upon by the State Board of Education and the military authorities; and such districts may be entitled to enumerate its scholastics, to share in the State per capita apportionment, and such other privileges as are now granted to independent and common school districts.

"Provided, that the children who are entitled to attend the schools thus established, shall be those of the officers, warrant officers, soldiers and civilian employees residing or employed upon such reservations.

Hon. J. W. Edgar, page 2    (V-1154)

"And provided, that wherever in the opinion of the State Board of Education, the number of children resident upon any military reservation is not sufficient to warrant the establishment of a separate school district, that such military reservation shall for the purpose of this Act be included in any other school district under such regulations as the Board of Education may determine.  Provided further, that the Board of Trustees of such district shall have the authority to transfer to any other independent or common school district maintaining adequate facilities and standards for elementary, junior or senior high schools, as set up by the State Department of Education and Southern Association, any school children who can not be provided for by the district of their residence."

Section 2 of that Act sets out many details with regard to the procedure to be followed in the establishment of a school district on any military reservation.  Section 3 is the repealing provision and Section 4 the emergency clause which provides in part:

"The fact that the children within the scholastic age who reside on military reservations located within this State, are not accorded the same privileges of and opportunities for public free school education as is accorded other children living within the State, . . ."

It will thus be seen that the primary purpose of Senate Bill 274 is the education of children residing on military reservations, this primary purpose to be accomplished by one of several methods set out in the Act.  That this is the primary purpose is indicated further by the caption of the bill, which provides in part:

"An Act authorizing the State Board of Education to establish Independent School Districts upon any military reservations located within the State of Texas, upon such terms and conditions which may be agreed upon by the State Board of Education, and the military authorities; provided such districts may be entitled to enumerate its scholastics, to share in the State per capita apportionment; providing what children may attend such schools; further provided that the children of such military reservations may be included in other school districts; providing that such children may be transferred to other schools; . . ."

With regard to your first question, it should be noted that in one part of Section 1 it is provided that a "military reservation shall for the purpose of this Act be included in any other school

Hon. J. W. Edgar, page 3    (V-1154)

district" by the State Board of Education. Thus, should they determine that "the number of children resident upon any military reservation is not sufficient to warrant the establishment of a separate school district," the State Board of Education has the power to include the military reservation in another school district. However, this inclusion, it is provided, is only "for the purpose of this Act."

It has been pointed out that the purpose of Senate Bill 274 is to provide educational opportunities for children on military reservations equal to those provided for other children in the State. It would therefore follow that the State Board of Education may include a military reservation in another school district for the purpose of allowing the scholastics resident upon the reservation to attend school and be enumerated in the scholastic census in the school district in which they are included.

In this regard, it was held in Att'y Gen. Op. O-4829 (1942) that the territory included in a government reservation is still a part of the school district in which it was located prior to its becoming a part of a government reservation. This opinion holds also that the children who reside upon this reservation are entitled to attend school in the district of their residence. Thus, should the State Board of Education decide to take action under the "inclusion" provisions of Senate Bill 274, the only effect of that action would be to allow the children to attend school in another district and be included in that district for per capita payments. For all purposes, the territory would remain in the school district in which it was originally located.

Our attention has been called by the attorneys for the El Paso Independent School District to Att'y Gen. Op. O-2027 (1940) and especially that phrase wherein it is stated "the territory of the military reservation was included in the San Antonio Independent School District." It is argued that this statement constitutes an opinion of the Attorney General that Senate Bill 274 authorizes the transfer of territory as well as scholastics. A reading of the entire opinion, bearing in mind the exact question presented, is all that is necessary to refute this contention. The question presented in your request was not before the Attorney General in Opinion O-2027, and neither did he undertake to consider whether the transfer of territory, if authorized, was for the purpose of Senate Bill 274 only. The constitutional question was certainly not raised or considered in that opinion.

It should be noted that at the time of the passage of Senate Bill 274 the transfer of territory did not result in any monetary gain to the recipient of the territory transferred.

State contributions to school districts prior to the Gilmer-Akin
Act were entirely upon a per capita basis and were thus depen-
dent upon the number of scholastics transferred. Articles 2695-
2699a, V.C.S. Based upon this, it follows that prior to Senate
Bill 274 the students residing upon a military reservation were
enumerated for scholastic purposes in their home district (i.e.,
the district within which that portion of the military reservation
was included) even though they might attend school in another
district. In the event a child resident upon a military reserva-
tion attended school in a school district other than the one in
which he resided, in order to transfer the per capita funds to the
teaching district the parents of each child would have to apply
for a transfer. The effect of Senate Bill 274, and we think one of
its purposes, was to permit the district which was teaching the
child to enumerate him and thereby receive the per capita funds
directly instead of indirectly by way of a transfer in each case.

A construction of Senate Bill 274 which would allow the
State Board of Education to transfer territory of a military res-
ervation from the school district within which it is located to an-
other school district would raise a serious constitutional ques-
tion. Section 35 of Article III of the Texas Constitution provides
that "if any subject shall be embraced in an act, which shall not
be expressed in the title, such act shall be void only as to so
much thereof, as shall not be so expressed." The caption to
Senate Bill 274 provides only "that the children of such military
reservations may be included in other school districts." Under
the views above expressed, the effect of the action of the State
Board of Education is only to include the children in another
school district; hence the body of the act and the caption are in
accord. Should the body of the Act be construed as allowing the
inclusion of territory for all purposes, this subject is not ex-
pressed in the caption and its omission would render this part
of the act unconstitutional. Gulf Ins. Co. v. James, 143 Tex. 424,
185 S.W.2d 966 (1945); Pyote Ind. School Dist. v. Dyer, 24 S.W.2d
37 (Comm. App. 1930).

It has been held that a court will always endeavor to in-
terpret a statute so that it will be constitutional and will decline to
adopt a construction which will result in unconstitutionality, if by
any reasonable construction the enactment can be sustained.
Greene v. Robison, 117 Tex. 516, 8 S.W.2d 655 (1928); 39 Tex. Jur.
206, Statutes, Sec. 111. The construction we have applied to Senate
Bill 274 would be in compliance with this well settled rule of stat-
utory construction, since the caption and the body of the act would
be in complete harmony -- applying only to the transfer of scholas-
tics rather than territory.

We are informed that the district involved in your present request is the El Paso Independent School District and that the military reservation involved is the Fort Bliss Military Reservation. This is not the first time that this office has been confronted with the very situation about which you ask. By virtue of Article VI, Section 4, of Senate Bill 116, Acts 51st Leg., R.S. 1949, ch. 334, p. 625, the State Comptroller of Public Accounts was to supply the information necessary to determine the local fund charge under Section 5 of Article 2922-16, V.C.S., for the 1949-50 school year. Part of the information that officer was to supply was the area in each school district comprised of non-taxable Federal-owned military reservations. The Comptroller submitted information on the El Paso Independent School District which was to the effect that the Fort Bliss Military Reservation was not included within the El Paso District. The district filed a Motion for Leave to File Petition for Mandamus in the Supreme Court of Texas to compel the Comptroller to submit information including Fort Bliss within the district, basing this upon the orders of the State Board of Education issued under Senate Bill 274 which attempted to add the territory as well as the scholastics to the El Paso district. This office, representing the Comptroller, filed a reply in opposition to this motion in which the points presented in this opinion were raised. The Supreme Court on October 5, 1949, entered its order overruling the motion for leave to file.

What has been stated in answer to your first question precludes any lengthy discussion of your second question. In determining the amount of local funds to be charged to each school district to support the Foundation School Program, Section 5 of Article 2922-16, V.C.S., provides a formula to be used by the State Commissioner of Education. To arrive at the final amount of this charge, Section 5, above, makes the following proviso:

"Provided however, that in any district containing
. . . Federal-owned military reservations . . . the amount
assigned to such school district shall be reduced in the
proportion that the area included in the above named
classifications bears to the total area of the district.
. . ."

It necessarily follows from the conclusion that the action of the State Board of Education in including a military reservation in a contiguous school district is for school attendance and census enumeration only, that the territory of the military reservation is not to be considered as being in the contiguous district for any other purpose. This would include the "federal-owned military reservation" proviso of the local fund charge provision of the Gilmer-Akin Act. (Sec. 5 of Article 2292-16, V.C.S.)

While the former State Board of Education interpreted the Act as authorizing the transfer of territory as well as scholastics, the action of the State Board of Education, as presently constituted, supports the conclusion reached in this opinion. A question similar to that here presented arose with regard to the San Antonio Independent School District and the Fort Sam Houston and Kelly Air Force Base Military Reservations. There, as here, the Board of Education which operated prior to the Gilmer-Akin Act had, under Senate Bill 274, transferred the military reservations to the San Antonio District, and the question arose as to the effect of the transfer on the local-fund charge provisions of the present education laws. This question was brought to the attention of the Board by the attorney for the San Antonio District at the Board's meeting in Austin on May 8, 1950. In that case, the district claimed that it should receive credit under Section 5 of Article 2292-16, V.C.S., for the amount of area of the military reservations. At that meeting, it was brought out that the Commissioner of Education had decided that Senate Bill 274 did not have the effect of changing the area of the San Antonio District and that the area of the military reservation was not attached to the San Antonio District. The State Board of Education voted to "sustain the decision of the Commissioner of Education in the local fund assignment under the Foundation Program Act to the San Antonio Independent School District."

Thus it is seen that in the only similar circumstances the State Board of Education has interpreted Senate Bill 274 in the same manner as that bill is interpreted in this opinion. This administrative interpretation, which is in accord with the decision reached herein, is entitled to weight in reaching a final decision as to the meaning of Senate Bill 274. Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727 (1918); San Antonio Union Junior College Dist. v. Daniel, 146 Tex. 241, 206 S.W.2d 995 (1947).

## SUMMARY

Senate Bill 274, Acts 44th Leg., 1935, ch. 112, p. 299, authorizes the State Board of Education to include territory of a military reservation in any other school district only for the purpose of allowing scholastics to attend school and be enumerated in the scholastic census

in the school district in which the area is included. Any inclusion under that bill has no effect upon the amount of local funds to be charged under Article 2922-16, V.C.S.

Very truly yours,

APPROVED:

PRICE DANIEL
Attorney General

C.K. Richards
Trial and Appellate Division

Jesse P. Luton, Jr.
Reviewing Assistant

By *E. Jacobson*
    E. Jacobson
    Assistant

Charles D. Mathews
First Assistant

Price Daniel
Attorney General

EJ:b